Filed For Record
Drew County, AR
Beverly Burks, Circuit Clerk
By _____

APR 0 6 2023

AM/12/3/4/5/6/7/8/9/10/11/12PM

IN THE CIRCUIT COURT OF DREW COUNTY, ARKANSAS

THE ESTATE OF JOHN FRANK GIBSON, JR., DECEASED,
BY AND THROUGH ITS COURT APPOINTED EXECUTRIX,
JODY CUMMINS, JILL GIBSON, AND CAROLINE JONES          PLAINTIFFS

VS.                          CASE NO. 22CV-23-64-4

JOHN FRANK GIBSON, III                                DEFENDANT

### COMPLAINT

Plaintiffs the Estate of John Frank Gibson, Jr., deceased, by and through its

court appointed executrix, Jody Cummins, Jill Gibson, and Caroline Jones, by

counsels Wright, Lindsey & Jennings LLP and Barton & Roper, PLLC, for their

cause of action against defendant John Frank Gibson, III, state:

### I. Parties, Jurisdiction, and Venue

1.    Plaintiff the Estate of John Frank Gibson, Jr. ("Estate") is a decedent's

estate pending in the Circuit Court of Drew County, Arkansas, Probate Division, as

cause number 22PR-20-118-2.  John Frank Gibson, Jr. died on or about November

22, 2020.  The petition to admit will to probate and appoint personal representative

was filed on December 8, 2020.

2.    Jody Cummins is an individual residing in Pulaski County, Arkansas.

She is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his

Estate.  Pursuant to Court order dated September 6, 2022, Ms. Cummins is the

successor Executrix of the Estate.

3.    Plaintiff Jill Gibson is an individual residing in Portland, Oregon.

2835886-v1                              1



EXHIBIT
A

Plaintiff Gibson is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his Estate.

4.     Plaintiff Caroline Jones is an individual residing in Saline County, Arkansas.  Plaintiff Jones is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his Estate.

5.   Defendant John Frank Gibson, III ("defendant") is an individual believed to be residing in Drew County, Arkansas.  Defendant is an adult son of John Frank Gibson, Jr. and a beneficiary of his Estate.

6.   This is an action for breach of contract on two promissory notes. Defendant is indebted to the Estate on the two notes as provided for herein.

7.   This Court has jurisdiction over the parties hereto and the subject matter hereof.

8.   Venue is proper in this Court pursuant to Arkansas law, including but not limited to Ark. Code Ann. § 16-60-101.

## II. Facts

9.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

10.     At the time of his death, John Frank Gibson, Jr. was the holder of two promissory notes.  That being indebted, defendant was the maker and obligee of each of those two notes.  To evidence a loan he had received, defendant did make, execute, and deliver to John Frank Gibson, Jr. a promissory note, in the original principal amount of $832,000, dated May 18, 2018 ("First Note").  A true and correct copy of the First Note is attached hereto and incorporated herein as Exhibit "1."  The First

2835886-v1

Note reflects that it is due "On Demand."

11.     Despite demand, defendant has failed to pay the debt evidenced by the First Note. The entire indebtedness evidenced by the First Note is due and payable.

12.     Defendant has made no payments, nor is defendant entitled to any credits on the indebtedness evidenced by the First Note.

13.     As of March 21, 2023, there remains due and payable to the Estate from defendant on the First Note the principal sum of $832,000.

14.     To evidence a loan he had received, defendant did make, execute, and deliver to John Frank Gibson, Jr. a second promissory note, in the original principal amount of $10,000, that was also dated May 18, 2018 ("Second Note"). A true and correct copy of the Second Note is attached hereto and incorporated herein as "Exhibit "2." The Second Note also reflects that it is due "On Demand."

15.     Despite demand, defendant has failed to pay the debt evidenced by the Second Note. The entire indebtedness evidenced by the Second Note is due and payable.

16.     Defendant has made no payments, nor is defendant entitled to any credits on the indebtedness evidenced by the Second Note.

17.     As of March 21, 2023, there remains due and payable to the Estate from defendant on the Second Note the principal sum of $10,000.

18.     The terms and conditions of the First Note and the Second Note (the "Notes") provide that defendant waived "demand and presentation of this note for payment" and "protest and notice of non-payment . . ."

19.     The terms and conditions of the Notes further provide that upon default

3

2835886-v1

and the placement of the Notes in the hands of an attorney for collection, defendant is indebted in the additional sum of an attorney's fee of 10% "of the amount then due hereon . . ."

20.    As Executrix of the Estate, Ms. Cummins is either the holder in due course of the Notes or is otherwise the individual entitled to enforce the Notes.

21.    A copy of the Last Will and Testament of John Frank Gibson, Jr. (the "Will"), as admitted to probate, is attached hereto and incorporated herein as Exhibit "3" as if set forth word for word.

22.    The terms and conditions of said Will make reference to the indebtedness evidenced by the Notes and specifically provide that said indebtedness is not forgiven but is an asset of the Estate.

23.    The Estate attempted to collect said indebtedness and made demand on defendant to pay the Notes by letter from the Estate's counsel dated June 29, 2022. That letter is attached hereto and incorporated herein as Exhibit "4." Defendant failed to pay the Notes as demanded.

24.    As beneficiaries of the Estate, plaintiffs Gibson and Jones have been damaged by defendant's failure to pay the Notes as demanded.

### III. Breach of Contract

25.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

26.    Defendant is in default under the terms of both the First Note and the Second Note because he has failed to pay the amounts owed under those Notes when due.

4

2835386-v1

27.   Defendant's defaults on the two Notes constitute breaches of the terms of those Notes and thus breaches of contracts. Those breaches of contracts have directly and proximately caused the Estate and other plaintiffs damages in the amount of the principal total of the Notes, which is $842,000. The Estate and other plaintiffs have been damaged by defendant in that principal amount.

28.   In addition to the language in the Notes providing for attorneys' fees, because this is a lawsuit for breaches of contract, pursuant to Ark. Code Ann. § 16-22-308 plaintiffs are entitled to reasonable attorneys' fees incurred in connection with this lawsuit.

29.   Plaintiffs hereby demand a trial by jury.

WHEREFORE, plaintiffs the Estate of John Frank Gibson, Jr., deceased, by and through its court appointed executrix, Jody Cummins, Jill Gibson, and Caroline Jones pray for judgment against defendant for breach of contract in the principal sum of $842,000 and other damages established at trial, together with costs herein expended including reasonable attorneys' fees pursuant to the terms of the Notes and Arkansas law, for pre- and post-judgment interest at the maximum rates allowed by law, and for all further and lawful relief to which they are entitled.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: pwilson@wlj.com

By _____
Patrick D. Wilson (#99073)

2835886-v1

5

-   *And –*

BARTON & ROPER, PLLC
P.O. Box 507
Monticello, Arkansas 71657
(870) 367-6288
FAX: (501) 376-9442
E-MAIL: wbarton@bartonandroper.com

By _____
   Whit Barton (#79010)

*Attorneys for Plaintiffs*

6

# EXHIBIT "1"

$832,000.00 ............ Montiuette ...... Ark., May 18 ............ 20 18 ....

On Demand .................................. after date, I, we, or either of us promise to pay to the order

of ...... John F. Gibson Jr., .............................................. the sum of

Eight Hundred Thirty-Two Thousand and no /100 .................. DOLLARS

payable at ...... Montiuelle, Arkansas, with interest at the rate of...... 0 ...... per cent per annum from

The sureties and endorsers of this note severally agree to and do hereby waive demand or presentation of this note for payment in the makers hereof, and waive protest and notice of nonpayment, do hereby grant any holder of this note the right to grant extensions without notifying them, or either of them, hereby notifying such extensions and remaining bound on this note as if no extensions had been obtained. If this note be not paid at maturity, whether by acceleration or otherwise, and it be placed in the hands of an attorney for collection, the parties hereto agree to pay ten per cent (10%) of the amount then due hereon, as attorney's fees.

This note is given for ...Business ..... price ..... of ...half ..... interest ..... in

.................. farm ..... at ...Hedgpeth ...Road .....

No................................................. John Gibson Jr

P. O. ..... 1864  N. HYATT  ST.,  Monticello, AR 71655

**EXHIBIT "2"**

$10,000⁰⁰                   Monticello, Ark., May 18     2018

            One Thousand                   after date, I, we, or either of us promise to pay to the order

of   John F. Gibson, Jr.,                                          the sum of

    Ten Thousand and    no/100              DOLLARS

payable at    Monticello, Ark.    with interest at the rate of    0    per cent per annum from

The sureties and endorsers of this note promptly agree to and do hereby waive demand or presentation of this note for payment to the makers hereof, and waive pro-
test and notice of nonpayment, do hereby grant any holder of this note the right to grant extensions without notifying any or either of them, hereby ratifying such
extensions and remaining bound on this note as if no extensions had been obtained. If this note be not paid at maturity, whether by acceleration or otherwise, and
it be placed in the hands of an attorney for collection, the parties hereto agree to pay ten per cent (10%) of the amount then due hereon, as attorney's fees.

    This note is given for   Purchase of Christ Co. portion of

    Island at Hudspeth, Ark

No.                                            John G. D

                        P. O.   1864 N HYATT St., Monticello, Ar. 71655

# EXHIBIT "3"

Prepared by:
John Ogles
Ogles Law Firm
P.O. Box 891
Jacksonville, AR 72076

Page 1 of 6

## LAST WILL AND TESTAMENT

### OF

### JOHN FRANK GIBSON, JR.

**KNOW ALL MEN BY THESE PRESENTS:**

That I, John Frank Gibson, Jr., of Dermott, Chicot County, Arkansas, being of sound and disposing mind and memory, and over the age of 18 years, do hereby make, publish and declare this to be my last will and testament, hereby revoking all wills and testaments heretofore made by me, to-wit:

1.      I direct that all of my debts, including my last illness and funeral expenses, be paid as soon after my death as shall be practicable.

2.      All estate, inheritance, succession and other death taxes which shall become payable by reason of my death, shall be paid out of my estate as an administration expense.

3.      I own my office on Main Street in Dermott, Arkansas and my property at the Spillway with my wife Renee Treadwell, who inherits my interest by right of survivorship.

Date 10/26/2020                                         Initialed

**Last Will and Testament**
**of John Frank Gibson, Jr.**

Page 2 of 6

4.      I own a one-half interest certain properties with Charles Sydney Gibson.

a.   I give, devise and bequeath my one-half interest in the Robertson place across from the Y (adjoining 65) to John Frank Gibson, III.   His siblings have right of first refusal if the property is to be sold.

b.   I, give, devise and bequeath my one-half interest in the Y (land between 65 and 165) to my daughters, Jody Cummins, Jill Gibson, Jamie Kirtley and Caroline Jones.

c.   I give, devise and bequeath my one-half ownership in the Juanita Gibson Heir Property to Jody Cummins, Jill Gibson, Jamie Kirtley, John Frank Gibson, III and Caroline Jones.

5.      I have made loans to my son John Frank Gibson, III.   Some of the loans have been memorialized, but not all.   There are notes from John Frank Gibson, III for $10,000 and $832,000.

I also loaned John Frank Gibson, III $17,600 to buy some land.   There was no written note, just a verbal agreement from John to pay me back.   John has made two payments for $8,000 total as partial payment but the last check for $4,000 has not cleared the bank.

I also borrowed $10,000 on my credit card to give to John Frank Gibson, III and he has not repaid this debt.   These debts are an asset of my estate.

I give, devise and bequeath the remainder of my estate to my children, Jody Cummins, Jill Gibson, Jamie Kirtley, John F. Gibson, III and Caroline Jones, to share and share alike. John Frank Gibson, III's share of my estate will be reduced by the debts he owes to me.

6.      I give, devise and bequeath any remaining property unidentified or left out of this

Date 10/22/2020                                                                                    Initialed

**Last Will and Testament
of John Frank Gibson, Jr.**

Page 3 of  6

Will to my wife, Renee Treadwell.

      7.    I nominate and appoint Renee Treadwell to be Executrix of this, my last will and

testament, hereby authorizing and empowering my said Executrix to compound, compromise,

and settle and adjust all claims and demands which may be presented against my estate or which

may be due to my estate; and to sell at private or public sale, lease or exchange, at such prices

and upon such terms of credit or otherwise as she may deem best, the whole or any part of my

real or personal property; and to execute, acknowledge and deliver deeds or other proper

instruments of conveyance thereof to the purchaser or purchasers, all without license or leave of

court.   In connection with the sale of any real estate, I authorize my Executrix to employ real

estate brokers and to pay them standard commissions for their services.   I request that no bond

be required of my said Executrix.

      8.    In case any person interested in my estate shall contest this will, in part of in

whole, and attempt to prevent the proof thereof, then I declare that such contest and such attempt

shall cancel and terminate all provisions for or in favor of the person or persons making or

inciting such contest, without regard to whether such contest shall succeed or not; and I hereby

declare all and any provisions or provision herein in favor of the person or persons so making

Date 10/22/2020

Initialed

Last Will and Testament
of John Frank Gibson, Jr.

Page 4 of   6

such contest, or attempting or inciting the same, to be revoked and of no force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _22 d_ day of

_October_____, 2020.

_John Frank Gibson, Jr._

Signed, sealed, published and declared by John Frank Gibson, Jr. as and for his last will

and testament, in our presence and in the presence of each of us, and we at the same time, at his

request and in his presence and in the presence of each other, hereunto subscribe our names as

attesting witnesses this _22nd_ day of _October_____, 2020.

WITNESS:                                    RESIDING AT:

_Nina Sanders_____                   _582 Rebecca Circle_

                                            _Monticello AR 71655_

Date _10/22/2020_                                          Initialed

Last Will and Testament
of John Frank Gibson, Jr.

Page 5 of 6

*Kevin D Johnson*          P.O. Box 726

                           Monticello, AR 71657

Date 10/22/2020                              Initialed

# EXHIBIT "4"

## BARTON & ROPER

### A PROFESSIONAL LIMITED LIABILITY COMPANY
(FORMERLY KNOWN AS WILLIAMSON, BALL & BIRD)

WALTER W. BARTON
wbarton@bartonandroper.com

RICHARD L. ROPER
rroper@bartonandroper.com

BENJAMIN P. BARTON
bbarton@bartonandroper.com

P.O. BOX 507
106 OAKLAND AVE
MONTICELLO, AR 71657

P.O. BOX 1236
305 N. MYRTLE STREET DR.
WARREN, AR 71671

IN MONTICELLO:
TELEPHONE: (870) 367-6288
FACSIMILE: (870) 367-7851

IN WARREN:
TELEPHONE: (870) 466-4214
FACSIMILE:  (870) 466-7559

June 29, 2022

John F. Gibson, III                                    VIA US MAIL AND EMAIL
PO Box 559
Dermott, AR 71638

Mr. Gibson:

    This is attempt to collect a debt.  To the extent that the Fair Debt
Collection Practices Act is deemed to apply, any information obtained may
be used for that purpose.

    Acting on behalf of the Estate of John F. Gibson, Jr., demand is
herewith made that you pay the sum of $842,000.00 within 30 days from the
date of this letter.

    Payment should be made payable to Estate of John F. Gibson, Jr.,
deceased and delivered to this office.

    Should you fail to pay as demanded the estate will take action to
enforce the collection of the debt.

                                        Very truly yours,

                                        Whit Barton

cc:  Renee Treadwell
     Jody Cummins
     Jill Gibson
     Jamie Kirtley
     Caroline Jones