IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THE ESTATE OF JOHN FRANK GIBSON, JR.,
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS                        PLAINTIFF

VS.                       CASE NO. 4:23-cv-425-JM

JOHN FRANK GIBSON, III; AND
BLACKROCK LAND HOLDINGS LLC                              DEFENDANTS

## FIRST AMENDED COMPLAINT

Plaintiff the Estate of John Frank Gibson, Jr., deceased, by and through its court appointed executrix, Jody Cummins, by counsel Wright, Lindsey & Jennings LLP and Barton & Roper, PLLC, for its first amended complaint against defendants John Frank Gibson, III and Blackrock Land Holdings LLC, states:

### I. Parties, Jurisdiction, and Venue

1.      Plaintiff the Estate of John Frank Gibson, Jr., deceased ("Estate") is a decedent's estate pending in the Circuit Court of Drew County, Arkansas, Probate Division, as cause number 22PR-20-118-2. John Frank Gibson, Jr. died on or about November 22, 2020. The petition to admit will to probate and appoint personal representative was filed on December 8, 2020.

2.      Jody Cummins is an individual residing in Pulaski County, Arkansas. She is an adult daughter of decedent John Frank Gibson, Jr. and a beneficiary of his Estate. Pursuant to Court order dated September 6, 2022, Ms. Cummins is the successor Executrix of the Estate.

3. Defendant John Frank Gibson, III ("Defendant") is an individual alleged to be residing in Bourbon County, Kansas. Defendant is an adult son of John Frank Gibson, Jr. and a beneficiary of his Estate.

4. Defendant Blackrock Land Holdings LLC ("Defendant Blackrock") is a Wyoming limited liability company. Upon information and belief, Defendant Blackrock is a citizen of Wyoming and/or Kansas for the purposes of federal diversity jurisdiction.

5. This is an action for breach of contract on two promissory notes, and for voidable conveyance. Defendant is indebted to the Estate on the two notes as provided for herein. Further, based on information and belief, Defendant committed a fraudulent conveyance to Defendant Blackrock of Defendant's interest in real property located in Drew County and Chicot County, Arkansas, and more particularly described in the quitclaim deed attached hereto and incorporated herein as Exhibit "1." Such real property will be referred to herein as the "Real Property."

6. Based on his activities in the state of Arkansas, as complained of herein, this Court has personal jurisdiction over Defendant. By virtue of Defendant Blackrock's recently acquired ownership of property in Drew County and Chicot County, Arkansas, this Court has personal jurisdiction over Defendant Blackrock.

7. This Court has diversity jurisdiction over the parties and subject matter of this litigation pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and

1441(a).

## II. Facts Regarding the Notes

9.  The Estate incorporates by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

10. At the time of his death, John Frank Gibson, Jr. was the holder of two promissory notes. That being indebted, Defendant was the maker and obligee of each of those two notes. To evidence a loan he had received, Defendant did make, execute, and deliver to John Frank Gibson, Jr. a promissory note, in the original principal amount of $832,000, dated May 18, 2018 ("First Note"). A true and correct copy of the First Note is attached hereto and incorporated herein as Exhibit "2." The First Note reflects that it is due "On Demand."

11. Despite demand, Defendant has failed to pay the debt evidenced by the First Note. The entire indebtedness evidenced by the First Note is due and payable.

12. Defendant has made no payments, nor is Defendant entitled to any credits on the indebtedness evidenced by the First Note.

13. As of March 21, 2023, there remains due and payable to the Estate from Defendant on the First Note the principal sum of $832,000.

14. To evidence a loan he had received, Defendant did make, execute, and deliver to John Frank Gibson, Jr. a second promissory note, in the original principal amount of $10,000, that was also dated May 18, 2018 ("Second Note"). A true and correct copy of the Second Note is attached hereto and incorporated herein as "Exhibit "3." The Second Note also reflects that it is due "On Demand."

15. Despite demand, Defendant has failed to pay the debt evidenced by the Second Note. The entire indebtedness evidenced by the Second Note is due and payable.

16. Defendant has made no payments, nor is Defendant entitled to any credits on the indebtedness evidenced by the Second Note.

17. As of March 21, 2023, there remains due and payable to the Estate from Defendant on the Second Note the principal sum of $10,000.

18. The terms and conditions of the First Note and the Second Note (the "Notes") provide that Defendant waived "demand and presentation of this note for payment" and "protest and notice of non-payment . . ."

19. The terms and conditions of the Notes further provide that upon default and the placement of the Notes in the hands of an attorney for collection, Defendant is indebted in the additional sum of an attorney's fee of 10% "of the amount then due hereon . . ."

20. As Executrix of the Estate, Ms. Cummins is either the holder in due course of the Notes or is otherwise the individual entitled to enforce the Notes.

21. A copy of the Last Will and Testament of John Frank Gibson, Jr. (the "Will"), as admitted to probate, is attached hereto and incorporated herein as Exhibit "4" as if set forth word for word.

22. The terms and conditions of said Will make reference to the indebtedness evidenced by the Notes and specifically provide that said indebtedness is not forgiven but is an asset of the Estate.

23.     The Estate attempted to collect said indebtedness and made demand on Defendant to pay the Notes by letter from the Estate's counsel dated June 29, 2022. That letter is attached hereto and incorporated herein as Exhibit "5." Defendant failed to pay the Notes as demanded.

### III.  Facts Regarding the Real Property

24.     The Estate incorporates by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

25.     On or about December 11, 2023, Defendant Blackrock was formed as a Wyoming limited liability company. A true and correct copy of Defendant Blackrock's filing information is attached hereto and incorporated herein as Exhibit "6." It is not clear from Defendant Blackrock's filing information what individuals are principals of that company.

26.     Only ten days after the formation of Defendant Blackrock, on or about December 21, 2023, Defendant transferred his interest in the Real Property to Defendant Blackrock through a quitclaim deed, which was filed in the real estate records of Drew County, Arkansas on December 21, 2023, as Instrument No. 110014.  *See* Exhibit "1."

27.     The deed recites the only consideration for the transfer as "the sum of ONE and NO/100 DOLLARS, ($1.00)" and states it was paid by Defendant Blackrock.  *Id.*

28.     The Arkansas Department of Finance and Administration Arkansas Real Property Tax Affidavit of Compliance Form filed with the deed and signed by

Defendant states, "No tax is due: Family or Gift or Consideration of $100 or less." *Id.*

29. Defendant transferred the Real Property to Defendant Blackrock for no real consideration.

### IV. <u>Breach of Contract</u>

30. The Estate incorporates by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

31. Defendant is in default under the terms of both the First Note and the Second Note because he has failed to pay the amounts owed under those Notes when due.

32. Defendant's defaults on the two Notes constitute breaches of the terms of those Notes and thus breaches of contracts. Those breaches of contracts have directly and proximately caused the Estate damages in the amount of the principal total of the Notes, which is $842,000.

33. In addition to the language in the Notes providing for attorneys' fees, because this is a lawsuit for breaches of contract, pursuant to Ark. Code Ann. § 16-22-308, the Estate is entitled to reasonable attorneys' fees incurred in connection with this lawsuit.

### V. <u>Claim for Voidable Transfer of the Real Property Pursuant to Ark. Code Ann. § 4-59-201 *et seq.*</u>

34. The Estate incorporates by reference the allegations contained in the preceding paragraphs as if restated herein verbatim.

35. At all times relevant to this complaint and the causes of action

alleged herein, the Estate has been a creditor of Defendant.

36. The transfer of the Real Property from Defendant to Defendant Blackrock was fraudulent as to the Estate because the transfer was made with the actual intent to hinder, delay, or defraud the Estate. *See* Ark. Code Ann. § 4-59-204(a)(1).

37. The following facts support the Estate's claim that the transfer of the Real Property was made with "actual intent" as provided in the preceding paragraph:

    a. Upon information and belief, Defendant is a member of Defendant Blackrock and therefore effectively retains possession and control of the Real Property after the transfer;

    b. Before the transfer was made, Defendant had been sued by the Estate in the present case to recover the debts owed pursuant to the Notes, and the Estate had recently filed a motion for summary judgment which the Court has held in abeyance while giving Defendant time for additional discovery;

    c. It is believed that, at the time of the transfer, the Real Property represented a majority of the assets owned by Defendant;

    d. Based on information and belief, Defendant did not receive any consideration for the transfer of the Real Property other than the $1.00 recited in the deed;

    e. Based upon the debts owed by Defendant to the Estate, and the

    known assets of Defendant, it is believed that the transfer of the Real Property by Defendant made him insolvent; and

  f. The transfer of the Real Property occurred before a substantial judgment may be entered against the Defendant in the present case.

*See* Ark. Code Ann. § 4-59-204(b)(2), (4), (5), (8), (9), and (10).

  38. The transfer of the Real Property by Defendant was also voidable as to the Estate because Defendant did not receive reasonably equivalent value in exchange for the transfer, and Defendant was engaged or was about to engage in business or other transactions for which his remaining assets were substantially small in relation to the business or transaction, or Defendant intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due. *See* Ark. Code Ann. § 4-59-204(a)(2).

  39. The transfer of the Real Property by Defendant was also voidable as to the Estate because Defendant did not receive reasonably equivalent value in exchange for the transfer and was insolvent at the time or became insolvent as a result of the transfer or obligation. *See* Ark. Code Ann. § 4-59-205(a).

  40. As a result of the voidable transfer of the Real Property by Defendant to Defendant Blackrock, the Estate is entitled to all or a combination of the following:

  a. Avoidance of the transfer of the Real Property to Defendant Blackrock;

      b.      Attachment against the Real Property;

      c.      An injunction against further disposition of the Real Property by Defendant Blackrock or Defendant, or disposition of other assets of Defendant;

      d.      Appointment of a receiver to take charge of the Real Property; and/or

      e.      Judgment against Defendant Blackrock in the amount of the Estate's claim against the Defendant, which equals at least $842,000.

41. The Estate hereby demands a trial by jury on all claims so triable.

WHEREFORE, plaintiff the Estate of John Frank Gibson, Jr., deceased, by and through its court appointed executrix, Jody Cummins, prays for: judgment against Defendant for breach of contract in the principal sum of $842,000 and other damages established at trial, together with costs herein expended including reasonable attorneys' fees pursuant to the terms of the Notes and Arkansas law; for pre- and post-judgment interest at the maximum rates allowed by law; for avoidance of the transfer to the extent necessary to satisfy the Estate's claim; for attachment against the Real Property; for an injunction against the further disposition of the Real Property by Defendant or Defendant Blackrock or disposition of other assets of Defendant; for appointment of a receiver to take charge of the Real Property; and/or for a monetary judgment against Defendant Blackrock for the amounts owed by Defendant; and for all further and lawful relief to which the Estate is entitled.

Patrick D. Wilson
Bar Number 99073
P. Collins Hickman Jr.
Bar Number 2020189
*Attorneys for the Estate*
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: pwilson@wlj.com;
        chickman@wlj.com

- *And –*

Whit Barton
Bar Number 79010
*Attorneys for the Estate*
BARTON & ROPER, PLLC
P.O. Box 507
Monticello, Arkansas 71657
(870) 367-6288
FAX: (501) 376-9442
E-MAIL: wbarton@bartonandroper.com