**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR., DECEASED, BY AND THROUGH ITS COURT APPOINTED EXECUTRIX, JODY CUMMINS | PLAINTIFF |
| v.          No. 4:23-cv-425-JM | |
| JOHN FRANK GIBSON, III | DEFENDANT |

**DEFENDANT JOHN FRANK GIBSON III's BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS SUPPLEMENTAL COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Defendant, John Frank Gibson III, respectfully submits this Brief in support of his Partial Motion to Dismiss Plaintiff's Supplemental Complaint (Doc. 36) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

This litigation began on April 6, 2023, when Plaintiff, The Estate of John Frank Gibson, Jr., Deceased, by and through its Court Appointed Executrix, Jody Cummins ("Estate") filed a complaint against Mr. Gibson in the Circuit Court of Drew County, Arkansas ("Complaint"). [Doc. 2.] The Complaint alleges Mr. Gibson is obligated to pay $842,000 under two notes ("Notes") payable to his father, the Decedent. [*Id.* at ¶¶10-14.]

Mr. Gibson and Jody Cummins are siblings and the Deceased, John Frank Gibson Jr., is their father. [*Id.* at ¶¶ 2, 5.]

On January 19, 2024, the Estate filed its First Supplemental Complaint adding Blackrock Land Holdings LLC ("Blackrock") as a party defendant. [Doc. 36.] The Estate's Supplemental Complaint alleges Mr. Gibson transferred "his interest" in certain real property ("Real Property") to Blackrock ("Transfer") under a quitclaim deed for $1.00.

[*Id.* at ¶¶25-27.] The Estate alleges this Transfer is subject to being voided under Ark. Code Ann. §§ 4-59-204 and 205. [*Id.* at ¶¶36-41.]

Mr. Gibson now moves under Fed. R. Civ. P. 12(b)(6) to dismiss the Estate's "Claim for Voidable Transfer of the Real Property Pursuant to Ark. Code Ann. § 4-59-201 et seq." because the Estate fails to state a plausible claim upon which relief can be granted. Dismissal under Fed. R. Civ. P. 12(b)(6) is also appropriate because the Estate fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

Additionally, Mr. Gibson seeks the Court's confirmation that, under Fed. R. Civ. P. 12(a)(4), his deadline to file an Answer to the Estate's Supplemental Complaint (Doc. 36) does not arise until 14 days after the Court rules on his instant Motion to Dismiss.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). However, a "short and plain statement" requires more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Kiefer v. Isanti Cty.*, 71 F.4th 1149, 1153 (8th Cir. 2023) citing *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint, therefore, must contain factual allegations with "enough specificity to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint alleges "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Claims subject to Rule 9(b) "must identify who, what, where, when, and how." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) quoting *United States ex rel. Costner*

*v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). Rule 9(b)'s heightened pleading

standard serves the purpose of "safeguarding [the] reputation of defendants, disposing

early of unfounded fraud claims advanced only for their nuisance value, and preventing

fishing expeditions." *Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1073 (8th Cir.

2016) (citation omitted).

Rule 12(b)(6) permits a party to seek dismissal of pleadings that "fail to state a

claim upon which relief can be granted." On such a motion, the court "must accept the

allegations contained in the complaint as true and all reasonable inferences from the

complaint must be drawn in favor of the nonmoving party," but only if the factual

allegations meet the requirements of Rules 8 and 9. *Young v. City of St. Charles*, 244 F.3d

623, 627 (8th Cir. 2001). Rule 12(b)(6) commands dismissal of pleadings containing fatally

flawed legal allegations regardless of whether the factual allegations are sufficient. *Id.*

## III. ARGUMENT

### A. The § 4-59-204(a)(1) Claim Should Be Dismissed Because it Fails to Allege Sufficient Facts.

Ark. Code Ann. § 4-59-204(a)(1) provides:

> A transfer made or obligation incurred by a debtor
> is voidable as to a creditor, whether the creditor's
> claim arose before or after the transfer was made or
> the obligation was incurred, if the debtor made the
> transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay, or defraud
>     any creditor of the debtor;

The Estate alleges the Transfer "was made with the actual intent to hinder, delay,

or defraud" the Estate. [Doc. 36, ¶36.] The Estate then alleges six "facts" to "support the

[Estate's] claim of actual intent." *Id.* The Arkansas Supreme Court informs us that a

3

claim under section 4-59-204(a)(1) requires a showing of actual intent to defraud a creditor. *Heritage Props. Ltd. P'ship v. Walt & Lee Keenihan Found., Inc.*, 2019 Ark. 371, ¶ 16, 590 S.W.3d 126, 136 (2019). Federal courts in Arkansas apply the heightened pleading requirements of Rule 9(b) to claims made under Ark. Code Ann. §§ 4-59-204(a)(1). *Foreman Elec. Servs. v. Haliron Power, LLC*, No. 4:19-cv-4157, 2022 U.S. Dist. LEXIS 2027, at *13 (W.D. Ark. Jan. 5, 2022) citing *Stoebner v. Opportunity Finance, LLC*, 909 F.3d 219, 226, n.6 (8th Cir. 2018); *McFadden v. Vick*, No. 4:17CV00353 JLH, 2017 U.S. Dist. LEXIS 167016, at *3 (E.D. Ark. Oct. 10, 2017).

The Estate has not alleged sufficient facts in support of its claim under § 4-59-204(a)(1) to satisfy Rule 9(b). Four of its six the allegations are based solely on "information and belief." [Doc. 36, ¶ 37a, c, d, and e.] "Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC*, 949 F.3d 417, 421 (8th Cir. 2020) quoting *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). While Rule 9(b) does not prohibit such pleading where "the facts constituting the fraud are peculiarly within the opposing party's knowledge," an allegation subject to Rule 9(b) that is based on information and belief "must set forth the source of the information and the reasons for the belief." *Id*. (quotations and citations omitted). The Estate does not plead the source for its information and belief.

The facts plead on information and belief form the foundation of the Estate's § 4-59-204(a)(1) claim; namely:

1. Mr. Gibson retains possession and control of the Real Property (Doc. 36, ¶37a);

2. At the time of the transfer, the Real Property constituted a majority of Mr. Gibson's assets (*Id.* at ¶37c);

4

3.  Mr. Gibson did not receive any real consideration for the Transfer (*Id.* at ¶37d); and

4.  The Transfer left Mr. Gibson insolvent (*Id.* at ¶37e).

The Court should not accept the Estate's foregoing conclusory allegations because they fail to meet the strict pleading requirements under Fed. R. Civ. P. 9(b). Additionally, the Court should not draw any "reasonable inferences" in the Estate's favor based on these threadbare allegations.

The Estate's remaining two allegations are, in reality, the *same* allegation — namely, that at the time the Transfer was made the Estate had sued the Mr. Gibson and is seeking "a substantial Judgment" against him (Doc. 36 ¶ 37b, f). The Estate already alleges Mr. Gibson incurred the debt, which is composed of two notes, in 2018. *Id.,* ¶¶ 10-14.

The mere fact that someone owes a debt and transfers property is not, alone, indicative of an actual intent to hinder, delay, or defraud anyone. To be sure, we recognize "that certain factual situations are so unfair as to be evidence of the actors' fraudulent intent." *Ritchie Capital Mgmt., LLC v. Stoebner*, 779 F.3d 857, 861 (8th Cir. 2015) quoting *Jackson v. Star Sprinkler Corp. of Fla.*, 575 F.2d 1223, 1237 (8th Cir. 1978) (Interpreting similar Minnesota law). A mere transfer of property by a person who owes a debt, alone, are not "objective facts . . . [that] would raise a rebuttable presumption of actual fraudulent intent." *Ritchie,* 779 F.3d at 861 quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 540-41, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994) (8th Cir. 2015) (Noting such objective facts as "a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate consideration.").

The Estate has failed to allege facts necessary to state a claim under Ark. Code Ann. § 4-59-204(a)(1).

### B. The § 4-59-204(a)(2) Claim Is Due to Be Dismissed Because it Fails to Allege any Facts and Merely Recites the Elements of the Cause of Action.

Claims under § 4-59-204(a)(2) do not require actual intent. *Heritage Props. Ltd. P'ship,*, 2019 Ark. 371, ¶ 16, 590 S.W.3d at 136. But the Estate has not satisfied the pleading standards of Rule 8.

The first element of § 4-59-204(a)(2) is that the debtor made the transfer without receiving a reasonably equivalent value in exchange. Here, the Estate simply plead the Transfer of the Real Property was voidable because the "Defendant did not receive reasonably equivalent value in exchange" for the Transfer of the Real Property. *First Supp. Cplt.* ¶ 38. The Estate also plead and attached the quitclaim deed for the Transfer which stated the consideration was $1.00. *First Supp. Cplt.* ¶¶ 26-27 and Ex. 1. What is missing though, is any fact allegation concerning the "value" of the Real Property that is the subject of the Transfer. For example, a federal court sitting in Minnesota denied a motion to dismiss a claim under that states' similar adoption of 204(a)(2) where the complaint alleged a business that was a "going concern" earning annual revenue of "millions of dollars" was sold for the net book value of its office furniture. *Residential Funding Co., LLC v. InterLinc Mortg. Servs., LLC (In re RFC & ResCap Liquidating Tr. Litig.),* No. 13-cv-3451 (SRN/HB), 2017 U.S. Dist. LEXIS 63058, at *21 (D. Minn. Apr. 25, 2017).

Here, the value of the Real Property is not plead with "enough specificity to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. To be sure, the Real Property may have no value at all.

6

The same is true of the remaining allegations concerning § 4-59-204(a)(2). At ¶ 38 of its First Supplemental Complaint Plaintiff alleges "Defendant was engaged or was about to engage in business or other transactions for which his remaining assets were substantially small in relation to the business or transaction." This is not an allegation of a fact; it is a recitation of § 4-59-204(a)(2)(i). The Estate does not tell us anything about the "business or other transactions," or even the "remaining assets," let alone anything concerning their value.

The same goes for the allegation "Defendant intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." *First Supp. Cplt.*, ¶ 38. The allegation is a word-for-word recital of § 4-59-204(a)(2)(ii). Not a single fact is plead concerning these other "debts" or Defendant's ability to pay them.

The Estate's claims under Ark. Code Ann. § 4-59-204(a)(2) should be dismissed.

C. *The § 4-59-205(a) Claim Is Due to Be Dismissed Because it Fails to Allege any Facts and Merely Recites the Elements of the Cause of Action.*

Similar to the § 4-59-204(a)(2) pleading, the Estate's pleading of the § 4-59-205(a) claim is no more than a copy and paste from the text of the statute. The Estate alleges:

> The transfer of the Real Property by Defendant was also voidable as to the Estate because Defendant did not receive reasonably equivalent value in exchange for the transfer and was insolvent at the time or became insolvent as a result of the transfer or obligation.

[Doc. 36, ¶ 38.] Notably, the Estate does not allege any fact concerning the Defendant's solvency. The Estate only pleads a legal conclusion: that Defendant was "insolvent at the time or became insolvent as a result of the transfer or obligation." These allegations are

7

nothing more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Kiefer,* 71 F.4th at 1153 (citations and quotations omitted).The allegations lack "enough specificity to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### D.  The Court Should Confirm The Deadline for Mr. Gibson's Answer.

"[T]he language of Rule 12(a) plainly contemplates that a Rule 12(b) motion will extend the time to answer as to all claims, even those not challenged in the Rule 12(b) motion". *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 598, 637–640 (N.D. Iowa 2006). The issue before the court in *Ideal Instruments* was whether a party was in default for failing to answer one count of a complaint even though it had filed a Rule 12 motion seeking dismissal of the other claims.

One district court case suggests a contrary rule—i.e., that partial answers are required when a Rule 12 motion addresses only part of a pleading. *See, Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978). The court in Ideal Instruments considered and rejected Gerlach's contrary rule noting that "[n]o other court has adopted the Gerlach court's reasoning or ruling; indeed, every court to consider the decision in Gerlach on this point has disagreed with and declined to follow it." *Ideal Instruments, Inc., supra* at 638. The Eighth Circuit has not addressed Rule 12(a)(4)'s application in the context of a partial motion to dismiss; however, every court within the Eighth Circuit (and elsewhere) which has considered the issue has adopted the holding articulated in Ideal Instruments—namely that Rule 12(a)(4)'s timing provision applies where a defendant files a partial motion to dismiss. *See, e.g., Miller v. Costco Wholesale Corp.*, No. 6:22-cv-03262-RK, 2022 U.S. Dist. LEXIS 231642, at *9 (W.D. Mo. Dec. 27, 2022);

In *Miller*, the district court granted the Defendant's request for an extension of time to file an answer or responsive pleading as to Count II finding it appropriate irrespective of whether the relief was sought under Rule 12(a)(4) or construed as a request for extension of time under Rule 6(b)(1)(A) (federal courts may extend a deadline for good cause if the request is made before the original time expires). 2022 U.S. Dist. LEXIS 231642, at *9.

## IV. CONCLUSION

The Estate's claims for "Voidable Transfer of the Real Property Pursuant to Ark. Code Ann.§ 4-59-201 *et seq*." should be dismissed. The allegations are nothing more than threadbare recitals of the applicable statutes wholly unsupported by facts.

Mr. Gibson respectfully requests the Court dismiss the Estate's claims contained in the First Supplemental Complaint concerning Ark. Code Ann. §§ 4-59-204 and 205 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*s/ Andrew T. Thomasson*

Dated: February 2, 2024

Andrew T. Thomasson (NJ Bar No. 048362011)
THOMASSON PLLC
350 Springfield Avenue, Suite 200
Summit, New Jersey 07901
Telephone: (973) 665-2056
Email: Andrew@Thomassonpllc.com

Donald S. Maurice, Jr. (NJ Bar No. 05881988)
MAURICE WUTSCHER LLP
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822
Telephone: (908) 237-4550
Email: DMaurice@MauriceWutscher.com

*Attorneys for Defendant, John Frank Gibson III*