IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR., DECEASED, BY AND THROUGH ITS COURT APPOINTED EXECUTRIX, JODY CUMMINS | | PLAINTIFF |
| v. | CASE NO. 4:23-CV-425-JM | |
| JOHN FRANK GIBSON, III | | DEFENDANT |

**BRIEF IN SUPPORT TO PLAINTIFF'S RESPONSE TO DEFENDANT JOHN FRANK GIBSON III'S OMNIBOUS MOTION TO: (1) COMPEL PLAINTIFF'S RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION; (2) COMPEL RULE 26(a)(1) INITIAL DISCLOSURES; (3) AWARD PAYMENT OF REASONABLE EXPENSES; AND (4) STAY DEADLINES FOR RULE 56(d) DISCOVERY AND SUPPLEMENTAL OPPOSITION TO SUMMARY JUDGMENT MOTION**

Plaintiff, by it counsel, Barton & Roper, PLLC, and for its Brief in Support hereof states:

1. That Plaintiff has met all of its requirements under the rules of this Court and any reasonable expectations in responding to and cooperating with discovery.

2. Plaintiff has attached to its response filed herein, a full and complete copy of its responses to interrogatories to provide the Court with the complete picture of those responses and not the partial version of those responses as set forth in Defendant's brief.

3. That in addition to the written discovery, Defendant has been provided with cooperative responses to the following discovery efforts of Defendant:

    a. Discovery deposition of Caroline Jones (daughter of the decedent) lasting approximately 4 hours.

    b. Discovery deposition of Renee Treadwell (widow of the decedent) lasting approximately 4 hours.

1

c. Discovery deposition of Jody Cummins (together with response to a related Subpoena Duces Tecum (with the discovery deposition lasting approximately 6

d. Response of Barton & Roper to an extensive written discovery request concerning the waterfront of issues that Defendant seeks to raise in this matter to include estate planning of John F. Gibson, J.; a real estate transaction wherein John F. Gibson, III, sold certain real property to Firehunt Inc; the preparation of the promissory notes and related mortgages; any agreed modifications to the promissory notes which are the subject matter of this litigation.

4. In addition, Plaintiff has received a second discovery request that it is in the process of responding to and complying with and notwithstanding that the discovery cutoff imposed by the Court has now passed.

5. That, in addition, as stated in the response, Whit Barton, counsel for Plaintiff, extended a verbal invitation to Defendant's counsel regarding any discovery issues at the end of the discovery deposition of Renee Treadwell. The response to that invitation was the filing of the Omnibus Motion herein.

**THAT PLAINTIFF WILL RESPOND TO THE 24 NUMERATED PARAGRAPHS IN DEFENDANT'S BRIEF BEGINNING AT PAGE 17 AS FOLLOWS:**

1. The "Preliminary Objection" Must be Stricken as a "Blanket Objection."

PLAINTIFF'S RESPONSE: Plaintiff's objections are reasonable, compliant with law and consistent with local practice.

2. The Estate's Production of the Documents Marked Gibson 001-038 Contain Redactions for which there is No Privilege Log.

PLAINTIFF'S RESPONSE: Defendant's statement misrepresents and omits most of Plaintiff's response to Defendant's discovery request. See Attachment 1 to Plaintiff's Response to Omnibus Motion filed herein.

3. The Estate's Objection to Interrogatories are Unspecific, and Neither Include a Privilege Log, Nor Identify Whether Responsive Materials are being Withheld Based on Its Objection.

PLAINTIFF'S RESPONSE: Defendant's statement misrepresents and omits most of Plaintiff's response to Defendant's discovery request. See Attachment 1 to Plaintiff's Response to Omnibus Motion filed herein.

4. The Objection to Interrogatory 2 Must be Stricken on the Basis it is "Overly Broad" and Because it Failed to Provide a Privilege Log.

PLAINTIFF'S RESPONSE: Plaintiff's response is consistent with law and practice.

5. The Objection to Interrogatory 3 Must be Stricken on the Basis it is "Overly Broad" and Because it Failed to Provide a Privilege Log.

PLAINTIFF'S RESPONSE: Plaintiff's response is consistent with law and practice.

6. The Objection to Interrogatory 5 Must be Stricken on the Basis it is "Overly Broad". It is Impermissible for The Estate to Respond "Subject to and Without Waiving" Its Objection Without Identifying if Documents or Information are Being Withheld.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so.  In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum

3

related to that deposition.

7. The Objection to Interrogatory 6 Must be Stricken on the Basis it is "Overly Broad." The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

8. The Objection to Interrogatory 7 Must be Stricken on the Basis it is "Overly Broad" and that the Information Sought is "Parol Evidence." The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

9. The Objection to Interrogatory 8 Must be Stricken on the Basis it is "Overly Broad" and that the Information Sought is "Parol Evidence." The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for

approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

10. The Objection to Interrogatory 10 Must be Stricken on Grounds it is "Overly Broad." The Answer is Nonresponsive and Its "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

11. The Objection to Interrogatory 13 Must be Stricken on the Basis it is "Overly Broad." The Answer is Nonresponsive. The "Subject To" Response is Impermissible

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

12. The Objection to Interrogatory 14 is Meritless. The Answer to Interrogatory 14 is Nonresponsive. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum

related to that deposition.

13. The Privilege Objection to Interrogatory 15 is Unsupported by a Privilege Log. The Relevance Objection is Meritless. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

In addition, Plaintiff has received a response to a Subpoena issued to Barton & Roper, PLLC. This topic was one of the items to which defendant requested any and all relevant documents. There were no such documents produced by Barton & Roper pursuant to the Subpoena, as Whit Barton at no time ever engaged in any estate planning with John F. Gibson, Jr.

14. The Privilege Objection to Interrogatory 16 is Unsupported by a Privilege Log. The Relevance Objection is Meritless. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

In addition, Plaintiff has received a response to a Subpoena issued to Barton & Roper, PLLC. This topic was one of the items to which defendant requested any and all relevant

documents. There were no such documents produced by Barton & Roper pursuant to the Subpoena, as Whit Barton, nor any lawyer at Barton & Roper, at no time ever engaged in any estate planning with John F. Gibson, Jr.

15. The Objection to Interrogatory 17 as being Overly Broad is Meritless. Interrogatory 17 is Relevant Because The Estate's Lawsuit References the Subject of the Interrogatory. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

16. The Objection to Interrogatory 18 on the Basis that it Seeks Parol Evidence is Meritless. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

17. The Objection to Request for Production 1 on the Basis that it Seeks Documents in the Public Record or that the Buden of Production is "is Substantially the Same" are Meritless.

PLAINTIFF'S RESPONSE: Paragraph 17 requested of the Plaintiff to produce documents evidencing the " testamentary documents" of John F. Gibson, Jr. The decedent's

estate of John Frank Gibson, Jr. is probated in Drew County Circuit Court, cause no. 22PR-20-118. All testamentary documents that exist or are known to Plaintiff are a matter of public record in that case.

Plaintiff's response is appropriate and consistent with its obligation under law.

18. Objection to Request for Production 2 Relies on Same Meritless Objection as Interrogatory 6 (Point I, A, 5) and Should be Stricken for Same Reasons.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

19. Objection to Request for Production 7 Relies on Same Meritless Objection to Interrogatory 10 (Point III, G) and Should be Stricken for Same Reasons.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

20. Estate's Response to Request for Production 10 Did Not Comply with Rule 34(b)(2)(C) and the Objections are Unsupported. The Estate Should be Compelled to Provide Responsive Documents.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1

to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

21. Estate's Response to Request for Production 11 Did Not Comply with Rule 34(b)(2)(C) and the Objections are Unsupported. The Estate Should be Compelled to Provide Responsive Documents.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

22. The Estate's Assertion of Privilege in Refusing to Comply with Request for Production 12 is Not Supported by Privilege Log. The Relevance Objection is Meritless. The "Subject To" Response is Impermissible.

PLAINTIFF'S RESPONSE: Consistent with the response of Barton & Roper, PLLC, to the Subpoena issued by the Defendant to that law firm, there are no such documents.

23. Estate's Refusal under Privilege to Provide Documents Responsive to Request for Production 13 is Unsupported by a Privilege Log.

PLAINTIFF'S RESPONSE: Consistent with the response of Barton & Roper, PLLC, to the Subpoena issued by the Defendant to that law firm, there are no such documents.

24. Estate's Response to Request for Production 14 Did Not Comply with Rule

34(b)(2)(C) and Its Objections are Unsupported. The Estate Should be Compelled to Provide Responsive Documents.

PLAINTIFF'S RESPONSE: Plaintiff's response is valid and appropriate. See Exhibit 1 to Plaintiff's Response to Omnibus Motion. Plaintiff stated it would supplement subsequently and has done so. In addition, Defendant has taken the discovery deposition of Jody Cummins for approximately 6 hours. Further, Jody Cummins has responded to a Subpoena Duces Tecum related to that deposition.

25. That Plaintiffs response to the written discovery requests of Defendant are valid, appropriate and consistent with law and practice.

Respectfully submitted.

>Barton & Roper, PLLC
>PO Box 507
>Monticello, AR 71657
>(870) 367-6288
>wbarton@bartonandroper.com

By: _____
Whit Barton      (79010)

## CERTIFICATE OF SERVICE

    I, Whit Barton, a member of Barton & Roper, PLLC, attorney for Plaintiff, hereby certify that on this 20th day of February, 2024, a copy of the foregoing was filed in the Court's electronic filing system, which shall send notification to all counsel of record.

Andrew T. Thomasson
Thomasson PLLC
350 Springfield Ave, Suite 200
Summitt, NJ 07901
andrew@thomassonpllc.com

Donald S. Maurice, Jr.
Maurice Wutscher LLP
5 Walter E. Foran Blvd, Suite 2007
Flemington, NJ 08822
dmaurice@mauricewutscher.com

                                                                                                                                   /s/ Whit Barton
                                                                                                                                   Whit Barton