**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR., DECEASED, BY AND THROUGH ITS COURT APPOINTED EXECUTRIX, JODY CUMMINS | | PLAINTIFF |
| v. | No. 4:23-cv-425-JM | |
| JOHN FRANK GIBSON, III | | DEFENDANT |

**JOINT STATUS REPORT REGARDING PENDING MOTIONS**
**AND REQUEST FOR ORAL ARGUMENT**

On April 30, 2024, the Court directed "the parties to file a formal status report on the pending motions which the Court previously held under advisement pending advice of counsel" and further directed that the "status report should be filed by Friday, May 3, 2024." Accordingly, Plaintiff, The Estate of John Frank Gibson, Jr. ("Estate"), and Defendant, John Frank Gibson III, jointly submit the following status report:

### I.  INTRODUCTION.

The Parties understand the Court's directive as seeking a report on the status of two pending motions which were discussed during the Telephone Conference held on March 14, 2024 ("**3/14/24 Conference**"). [Doc. 52]. Those motions are:

- *(i)* The Estate's "Emergency Motion for Temporary Restraining Order, Preliminary and Permanent Injunction, and Constructive Trust" ("**TRO Motion**") [Doc. 31]; and

- *(ii)* Mr. Gibson's "Omnibus Motion to: (1) Compel [the Estate's] Responses to Interrogatories and Requests for Production; (2) Compel Rule 26(a)(1) Initial Disclosures; (3) Award Payment of Reasonable Expenses; and (4) Stay Deadlines for Rule 56(d) Discovery and Supplemental Opposition to Summary Judgment Motion" ("**Omnibus Motion**") [Doc. 42].

The TRO Motion and Omnibus Motion are fully briefed; the Court's record for each motion consists of the following:

- *(i)* **TRO Motion:**
    - (a) Motion and Supporting Brief [Docs. 31, 32];
    - (b) Opposition and Declaration [Docs. 38, 38-1]; and
    - (c) Supplemental Declaration [Doc. 51-1].[1]

- *(ii)* **Omnibus Motion:**
    - (a) Motion, Supporting Brief, and Declaration [Docs. 42, 43, 44]; and
    - (b) Response and Supporting Brief [Docs. 48, 49].

The Parties also note the following motions which are also fully briefed (or soon will be) and await the Court's decision: *(i)* the Estate's Motion for Summary Judgment [Doc. 14]; *(ii)* Mr. Gibson's Partial Motion to Dismiss Estate's Supplemental Complaint [Doc. 40]; *(iii)* Mr. Gibson's Motion to Supplement Opposition [Doc. 51]; and *(iv)* Estate's Motion for Extension of time to serve Blackrock Land Holdings, LLC [Doc. 57].

## II. STATUS RE: TRO MOTION & OMNIBUS MOTION.

At the conclusion of the 3/14/24 Conference, the Court directed the Parties to meet and confer about the possibility of resolving all or part of the issues raised in the TRO Motion and Omnibus Motion and provide a report of whether issues remain for the Court to resolve. The Parties subsequently conferred and now provide the Court the following status report about the outcome of their meet and confer efforts:

### A. *TRO Motion.*

Mr. Gibson's Position: Unresolved. The TRO Motion falsely asserts "the Estate is not seeking the relief herein without notice to the Defendants" (Doc. 32, fn. 1),

---

[1] On March 14, 2024, Mr. Gibson filed a Motion to Supplement to his Opposition, (Doc. 51), which the Estate did not oppose. The Court has not decided this motion.

2

but now admits it never attempt to serve Blackrock despite filing its Amended Complaint (Doc. 29) and Notice of Lis Pendens (Doc. 30) on January 5, 2024, and the Court's issuance of a summons two weeks later (Doc. 36). The Estate moved to extend its Rule 4(m) deadline to serve after the deadline passed. [Doc. 57.]

Estate's Position: A bond has not provided by Defendant.

## B. *Omnibus Motion.*

Mr. Gibson's General Comment Applicable to All Unresolved Discovery Issues:

At the Court's Conference on March 14, 2024, the Estate agreed on the record it: *(i)* was not withholding any documents or information based on any objection, privilege assertion, or any other reason; *(ii)* waived all objections and privilege assertions; *(iii)* would produce all documents and information to the extent it had not already done so; and *(iv)* would serve supplemental responses. The Estate's on-record waiver was knowing and intentional and the Court and Mr. Gibson relied on it. After the March 14 Conference, the Estate only supplemented its responses to Interrogatory Nos. 2, 3, 4, 15, and 16; it did not supplement any responses to document requests. Since the March 14 Conference, Estate now informs Mr. Gibson it has even more responsive documents but refuses to produce them and it continues to assert all its objections and privilege assertions. In sum, the status not changed since much since the March 14 Conference.

The Omnibus Motion raised the following four categories of issues which the Parties partially resolved (as indicated below):

1. **Compel [the Estate's] Responses to Interrogatories and Requests for Production**.

    (a) Strike Estate's "General Objections." [Doc. 43 (pg. 17-18 of 55).]

    Mr. Gibson's Position: Unresolved.

    Estate's Position: Resolved.

    (b) Compel unredacted Documents the Estate produced as "Gibson 001-038". [Doc. 43 (pg. 18 of 55).]

    Mr. Gibson's Position: Resolved.

    Estate's Position: Plaintiff provided an unredacted copy of "Gibson 001-038" without waiving privilege for other purposes.

    (c) Compel Interrogatory Nos. 2, 3, 5, 6, 7, 10, 13, 14, 15, 16, 17, and 18. [Doc. 43 (pg. 17-42 of 55).]

    Joint Position: Resolved Nos. **1, 2, 3, 4, 9, 11,** and **16**.

3

Estate's Position: Resolved all issues.

Mr. Gibson's Position: Unresolved: Nos. **5, 6, 7, 10, 13, 14, 15, 17,** and **18**.

Regarding Nos. **5, 6, 7, 10, 13, 14, 17, and 18**, the Estate refuses to withdraw its "subject to objections" and privilege assertions, and now asserts *new* objections, despite having knowingly and intentionally waived them all on record during the March 14 Conference in response to the Court's direct questioning. The Estate's new objections are also waived under Rule 33(b)(4).

The Estate's responses continue objecting on grounds each interrogatory is overly broad "excessive in scope and unduly burdensome" but stating "Notwithstanding this objection and without waiving it, all responsive documents to the Interrogatory have been provided." Mr. Gibson's motion explains that Rule 34(b)(2)(C) requires the Estate to identify all documents and information being withheld subject to an objection or privilege assertion. The Estate admits it is withholding documents and information—now informs Mr. Gibson it is withholding even more documents and information—but refuses to identify what it is withholding.

Regarding Nos. **5, 7, 10, 13, 14, 17,** and **18**, the Estate continues to assert attorney client privilege when the requests facially the interrogatory can never be implicated because there is no attorney-client relation between the persons whose communications are sought (*e.g.,* communications between the Estate's beneficiaries, none of who are attorneys; communications between the Executrix and the Decedent (who was an attorney) about only the matters at issue in this lawsuit); H.E. "Bud" Cummins who has never acted as attorney in this case until he entered an appearance, and was identified months earlier as a material witness..

The Estate refuses to meet and confer about, or offer any explanation, in response to Mr. Gibson's request that it simply why/how the attorney-client privilege could apply in these instances when it is facially obvious the privilege is inapplicable, and Mr. Gibson has provided record evidence regarding other instances of why it is inapplicable.

The Estate provided what it claims is a "privilege log" but which fails to provide the information required under Rule 26(b)(5) which would enable other parties to assess its

4

>> privilege claim. Nor does any response identify which document(s) on the Estate's list.
>
> Regarding Nos. **1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 17,** and **18**, the Estate failed to provide supplemental responses in accordance with Rule 26(e) and 33(b)(5).

> (d) <u>Compel Requests for Production Nos. 1, 2, 7, 10, 11, 12, 13, and 14</u>. [Doc. 43 (pg. 42-50 of 55).]
>
>> <u>Estate's Position</u>: Resolved all issues.
>>
>> <u>Mr. Gibson's Position</u>: *Unresolved.* The Estate did not supplement any Response, withdraw any objection or privilege assertion, and is continuing not only continuing to withhold responsive documents it refuses to identify but it is also withholding *newly* disclosed responsive documents it informs Mr. Gibson it has in its possession.
>>
>> The Estate has not identified in a privilege log what documents are being withheld as to any request or the bases for each asserted privilege.

2. **Compel Rule 26(a)(1) Initial Disclosures**.

   Resolved.

3. **Stay Deadlines for Rule 56(d) Discovery and Supplemental Opposition to Summary Judgment Motion**.

   Unresolved.

4. **Mr. Gibson's Request Under Rule 37(a)(5) for an Award of Reasonable Expenses Incurred in Making the Motion, Including Attorney's Fees**.

   <u>Joint Position</u>: Unresolved.

   <u>Mr. Gibson's Position</u>: In *Baptists Health v. Smith*, 393 F. Supp. 2d 719, 721 (E.D. Ark. 2005), Judge Wilson held:

   > The Federal Rules of Civil Procedure and the Arkansas Rules of Professional Conduct—not to mention the various codes of civility—contemplate cooperation among counsel during the discovery process, which manifestly includes responding to telephone calls and other communications. Failure to cooperate in the discovery process adds to the expense of

> litigation; it also leads to escalating vexation, and imbroglios, such as the one that developed in this case. This type of conduct often requires court intervention, as it has done in this case. My scheduling orders, and the cover letters that go with these orders, encourage conference calls to the court when lawyers have reasonable, good faith discovery disputes. Lawyers should not be chastened for "wasting the court's time" when such calls are made. On the other hand, judges are remiss when they do not meet subpar conduct with an award of attorney's fees against the offending party, and, in proper cases, with even sterner measures.

*Baptists Health, supra* at 721. The Estate has failed to offer any evidence contradicting the record evidence, which manifestly demonstrates the Estate's weeks long deliberate refusal to respond to telephone calls and other communications. Even with this Joint Report, the Estate's attorney refuses to engage in any telephone communication to resolve any issue, which has caused Mr. Gibson to incur extraordinary time and expense.

In *Kashlan v. TCBY Sys., Ltd. Liab. Co.*, the late Judge G. Thomas Eisele approvingly cited *Baptists Health* holding that in awarding attorney's fees in the context of discovery based on Model Rules 1.3 and 3.2: "[F]ailure to cooperate in the discovery process adds to the expense of litigation; it also leads to escalating vexation, and imbroglios, . . ." No. 4:06-CV-000497 GTE, 2007 U.S. Dist. LEXIS 84337, at *15-17 (E.D. Ark. Nov. 6, 2007) citing *Baptist Health, supra* at 721. Judge Eisele further concluded that "because Kashlan's counsel's conduct necessitated the filing of this motion, prematurely and perhaps altogether unnecessarily, that any expenses awarded shall be paid by Kashlan's counsel." *Id.*

The evidential record demonstrates the Estate's counsel's conduct "necessitated the filing of this motion, prematurely and perhaps altogether unnecessarily," and, thus, Mr. Gibson requests leave to file his motion under Rule 37(a)(5).

\*\*\*\*

Respectfully submitted this 5th day of May 2024.

| *s/ H.E. Bud Cummins* | *s/ Andrew T. Thomasson* |
|---|---|
| H.E. Bud Cummins (ABA No. 89010) | Andrew T. Thomasson, (NJ No. 048362011) |
| LAW OFFICES OF BUD CUMMINS, PLC | THOMASSON PLLC |
| 1818 North Taylor, Suite 301 | 350 Springfield Avenue, Suite 200 |
| Little Rock, AR 72207 | Summit, New Jersey 07901 |
| Telephone: (501) 831-6125 | Telephone: (973) 665-2056 |
| bud@budcumminslaw.com | Andrew@Thomassonpllc.com |
| | |
| *Attorney for Plaintiff, The Estate of John Frank Gibson Jr., Deceased, By and Through Its Court Appointed Executrix, Jody Cummins* | Donald S. Maurice, Jr. (NJ No. 05881988) |
| | MAURICE WUTSCHER LLP |
| | 5 Walter E. Foran Blvd., Suite 2007 |
| | Flemington, NJ 08822 |
| | Telephone: (908) 237-4550 |
| | DMaurice@MauriceWutscher.com |
| | |
| | *Attorneys for Defendant, John Frank Gibson III* |