IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 21 2024

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

THE ESTATE OF JOHN FRANK GIBSON, JR.,
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS                    PLAINTIFF

v.                          NO. 4:23-cv-425-JM

JOHN FRANK GIBSON, III                               DEFENDANT

**OBJECTIONS TO SUBPOENAS
AND MOTION TO QUASH SUBPOENAS
AND, ALTERNATIVELY, FOR A PROTECTIVE ORDER
OF
CHARLES SEARCY
AND
SEARCY & ASSOCIATES, LLC**

Come now Charles Searcy and Searcy & Associates, LLC, collectively referred to as the "Searcys" herein, by and through their undersigned attorneys, and for their objections to the subpoenas issued to and served on them herein, and their motion to quash subpoenas, and their motion, in the alternative, for a protective order, state as follows:

1.      The Searcys are not parties to this proceeding.

2.      On May 14, 2024, the Searcys were served with identical subpoenas issued by counsel for Defendant that command the Searcys to appear for deposition at their offices in Monticello, Arkansas, and to bring to the deposition certain documents and electronic data, and to permit inspection and copying of same. Copies of these subpoenas are attached hereto as Exhibits "A" and "B".

-1-

3.     For decades the Searcys have been engaged in the business of public accountancy in Monticello, Arkansas, for hundreds of individuals and companies.  Charles Searcy is a Certified Public Accountant (CPA).

4.     The Searcys provided accounting and tax return preparation services to the decedent, John Frank Gibson, Jr., and his wife, Renee Treadwell Gibson, for several years.

5.     It is hereby certified that there have been good faith communications between counsel for Defendant and the undersigned counsel for the Searcys relative to what the subpoenas require before same were served on the Searcys, and while it was thought that some issues were close to resolution Defendant's counsel went ahead and had the subpoenas served on the Searcys without modification of same in light of discussions between counsel.  Hence, the reason for this filing with the Court to protect and preserve the rights of the Searcys relative to the subpoenas pending resolution of objections to same by agreement of counsel or Court action.  In the meantime, counsel for the Searcys fully intends to continue good faith communication with Defendant's counsel in an effort to resolve objections to the subpoenas by agreement and without Court action.

6.     Objection is made to producing anything protected from disclosure by attorney-client privilege and/or work product doctrine, and any confidential commercial information.   The subpoenas state that they do not request documents protected by privilege or work product, but omit mention of confidential commercial information.

7.     Objection is made to producing anything pertaining to clients of the Searcys other than John Frank Gibson, Jr., and his estate, as the records of those other clients of the Searcys are confidential records pertaining to the business and personal affairs of those other clients and should have no relevance to the issues involved in this debt collection case.   Further, the Searcys are

-2-

required by their other clients to keep their records confidential absent their consent to disclosure of same. Specifically, the widow of John Frank Gibson, Jr., namely Renee Treadwell Gibson, has had and continues to have accounting and tax return preparation work done by the Searcys, and for the tax years 2018, 2019 and 2020 Mrs. Gibson's income tax returns were done jointly with John Frank Gibson, Jr., and, consequently, she should be given the opportunity to object to her information being disclosed under the subject subpoenas. While the Searcys have verbally informed Mrs. Gibson of the subpoenas, they are sending written notification of the subpoenas to Mrs. Gibson advising her of her right to inform this Court of any objections she has to disclosure of her confidential information by the Searcys under the subject subpoenas. However, if Mrs. Gibson refuses to give her written consent to the Searcys to disclosure of her confidential information under the subpoenas, the Searcys will be put into the untenable position of having to choose between producing Mrs. Gibson's confidential information under the subpoenas or refusing such production at the risk of contempt and sanctions by this Court for willful noncompliance with the subpoeans. A more unreasonable burden on the Searcys in complying with the subpoenas cannot be imagined.

8.      Objection is also made to the subpoenas issued to the Searcys as same are overly complex, unreasonably burdensome, and oppressive. For example, these subpoenas contain multiple complex "instructions" and numerous and lengthy difficult-to-understand "definitions", as opposed to straightforward requests for documents relevant to this debt collection case that the Searcys could reasonably be expected to have. An authority addressed the use of overly complex definitions in the analogous context of interrogatories as follows: "[T]he use of unreasonable definitions may render interrogatories so burdensome to the answering party and to the court that objections to the entire series should be sustained, whether or not an occasional interrogatory might still be

-3-

reasonable." 7 *Cyclopedia of Federal Proc.* § 25:327 (3rd ed. 2021); *see also Diversified Products Corp. v. Sports Center Co.*, 42 F.R.D. 3 at *4 (D. Md. 1967). The same considerations are relevant here, and more especially so because the Searcys are not parties to this debt collection case.

9.    Objection is also made to the subpoenas issued to the Searcys as same are unreasonably burdensome and oppressive because to comply with same the Searcys would have to engage an IT professional to craft and conduct a search of their computer system and electronic devices which would undoubtedly be at substantial expense to the Searcys. Here it should be noted that the subpoenas are directed to the Searcys and "their respective present and former partners, employees, agents, assigns, parents, subsidiaries, and affiliate companies and any other person who worked for [the Searcys] on any matter involving John Frank Gibson Jr.",  per the definition of "You" set forth in the subpoenas. In this context, it is also important to note that the subpoena definition of "record" and "communication" covered thereby includes not only emails, but also text, facebook and many other forms of communication that one can imagine in this electronics age. Such cannot be proportional to the discovery needs in this debt collection case as required by Fed. R. Civ. Proc. 26(b)(1).

10.    Objection is also made to the subpoenas for requiring production of records as far back as 2010. Certainly the needs of this debt collection case based on promissory notes dated May 18, 2018, indicate little if any need for requiring production of records for eight (8) years precedent to the making of those promissory notes. Again, this discovery by subpoena appears to not be proportional to the discovery needs in this debt collection case.

11.    Objection is also made by reason of the Plaintiff's Motion to Quash the subpoenas to the Searcys, as well as subpoenas issued to another accounting firm known as Selph & Friday

-4-

CPA. It appears from the docket of this case that the Court has scheduled same for an Omnibus Hearing on May 31, 2024, which is the day after the May 30, 2024, date for the deposition scheduled for the Searcys by the subpoenas served on them. Presumably, the Court would take up and decide the Plaintiff's Motion to Quash at that hearing, and if that motion was granted the Searcys would thereby be relieved from any further duty to comply with the subpoenas served upon them. So, at a minimum, the Court should suspend the subpoenas served on the Searcys until a reasonable time after the issuance of its decision on Plaintiff's Motion to Quash.

12.     Objection is also made by reason of the fact that the subpoenas served on the Searcys require production of John Frank Gibson, Jr.'s state and federal income tax returns "from 2010 to present". The Searcys cannot imagine how those 14 years of tax returns could be material to the apparent sole issue in this debt collection case – whether Defendant owes the debts evidenced by the promissory notes he made to John Frank Gibson, Jr. Even if one were to assume that John Frank Gibson, Jr., took a bad debt deduction on his tax returns respecting the promissory notes, there is no law supporting that doing so would forgive Defendant from his obligation to pay the debts evidenced by the promissory notes. So, in addition to the subpoenas requiring production of 8 years of tax returns before the subject promissory notes were even made by Defendant to John Frank Gibson, Jr., the subpoenas command production of income tax returns which have no apparent relevance to the debt collection issues before the Court. Consequently, the subject discovery by subpoena request for copies of income tax returns is not reasonably calculated to lead to the discovery of relevant admissible evidence, nor is same proportional to the needs of this case under Fed. R. Civ. Proc. 26(b)(1) and other applicable law.

13.     The objection and authorities asserted in paragraph 10 hereof are reasserted here

-5-

relative to the "Requests" for documents set forth in the subpoena under numbers 1 through 6. It would be stated, additionally, that, at a minimum, these Requests could be narrowed to documents that refer to the promissory notes or the debts that same evidence in this debt collection case.

14.     Alternatively, the Searcys request a Protective Order from the Court pursuant to Fed. R. Civ. Proc. 26(c) that makes proper provision for protection of the privileged and other confidential information from inappropriate disclosure, and which will require the issuer of the subpoenas to pay the substantial cost to the Searcys of having the forensic examinations done on their computer systems, phones and other electronic devices before same are undertaken, and which modifies the terms of the subpoena to a more appropriate and understandable form proportionate to the needs of this debt collection case.

WHEREFORE, the premises considered, the Searcys pray that their objections to the subject subpoenas be sustained, that said subpoenas be quashed, and, alternatively, that they have a protective order as described above, and that they have and recover their attorney fees, costs and all other proper relief.

Respectfully Submitted,

GIBSON & KEITH, PLLC
Attorneys for Charles Searcy, CPA
        and Searcy & Associates, LLC
119 South Main Street
P.O. Drawer 447
Monticello, AR  71657
Phone:  870/367-2438
Fax:     870/367-6607

By: _____
        C. C. "Cliff" Gibson, III
        Ark. Bar No. 81067

-6-

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing pleading was served on counsel of record in this case by emailing a copy of same to counsel of record in the subject case as follows:

Andrew T. Thomasson
Andrew@thomassonpllc.com

Bud Cummins
bud@budcumminslaw.com

on this 20th day of May, 2024.

C. C. "Cliff" Gibson, III

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

> **EXHIBIT**
>
> **tabbies**  *A*

| | |
|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   4:23-cv-425-JM |
| | ) |
| JOHN FRANK GIBSON, III | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     CHARLES SEARCY
                        201 South Main Street, Monticello, Arkansas 71655
                        *(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Searcy & Associates LLC | Date and Time: |
|---|---|
| 201 South Main Street | |
| Monticello, Arkansas 71655 | 05/30/2024 11:00 am |

The deposition will be recorded by this method:     Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

> See, Rider to Subpoena (at § III)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/08/2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendant,
John Frank Gibson III
                                                                      , who issues or requests this subpoena, are:

Andrew T. Thomasson, Esq., Thomasson PLLC, 16414 San Pedro Avenue, Suite 700, San Antonio, Texas 78232
~~(973) 665-2056~~

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

THE ESTATE OF JOHN FRANK GIBSON, JR.,                    PLAINTIFF
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS

    v.                                    Case No. 4:23-cv-425-JM

JOHN FRANK GIBSON, III                                    DEFENDANT

### RIDER TO DEPOSITION SUBPOENA DIRECTED TO CHARLES SEARCY

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure,

Defendant, John Frank Gibson III, requests that Charles Searcy designate one or more

officers, partners, directors, managing agents, or other persons to produce at its

deposition the following Documents[1], electronically stored information, and other

tangible things set forth in Section III below ("Requests") and permit the inspection,

copying, testing, or sampling of that material:

### I. INSTRUCTIONS.

(1)    The following definitions and instructions apply throughout this Rider including the Requests set forth below unless the context states otherwise.

(2)    Neither the Subpoena nor this Rider is intended to be burdensome or create any undue hardship, so please promptly contact the attorney identified on the accompanying Subpoena if you believe otherwise.

(3)    All Documents responsive to this Subpoena shall be produced in full, without abridgement, abbreviation, or expurgation of any sort. If You cannot produce any Document in full, You must produce the Document to the greatest extent possible and provide testimony about which Documents cannot be produced and why.

---

[1] As used herein, the term "Documents" has the same meaning as Fed. R. Civ. P. 34(a).

(4)     You must produce the original and all non-identical copies, including all drafts, of each Document requested. If You are unable to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

(5)     If any Document requested in Section III previously existed, but has since been lost, discarded, deleted, or destroyed, identify each such Document including its date, author, and subject matter.

(6)     If any Document requested in Section III is maintained in electronic form (*e.g.*, e-mail, computer files), You are requested to produce each such Document in paper form as well as provide a copy in electronic form (*e.g.*, FTP, computer disk, USB drive, or removable hard drive).

(7)     Neither the Subpoena nor this Rider seek the production or disclosure of any Documents, materials, or testimony which is protected from disclosure by the attorney client privilege or work product privilege. If You are not producing a Document responsive to any of the numbered Requests in Section III based on a claimed privilege, or for any other reason, please provide testimony asserting the privilege and describe the nature of the Documents, Communications, or things not produced or disclosed in a manner that, without revealing the privileged information, will enable the other parties to assess whether the asserted privilege applies.

(8)     For expediency and to minimize potential research or duplication burden on Your staff, please send records electronically in native format if possible.

## II. Definitions.

The terms **"You"** and **"Yours"** mean Charles Searcy including its predecessor firm(s) and their respective present and former partners, employees, agents, assigns, parents, subsidiaries, and affiliate companies and any other person who worked for You on any matter involving John Frank Gibson Jr. unless the context of a Request specifies otherwise.

The term **"document(s)"** means any document or Electronically Stored Information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

The term **"Decedent"** means John Frank Gibson Jr.

The terms **"pertaining to," "referring," "relating," "reflect," "reflecting,"** or **"concerning"** with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

2

The term **"record"** means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A record bearing any notation not a part of the original text is to be considered a separate record. A draft or non-identical copy is a separate record within the meaning of this term. By definition a **"communication"** (as that term is defined herein) is also a **"record"** and a **"document"** if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms **"and"** and **"or"** should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope. The terms **"all,"** **"any,"** and **"each"** should each be construed as 'encompassing any and all. The singular includes the plural number, and vice versa. The present tense includes the past and *vice versa*. The masculine includes the feminine and neuter genders.

The term **"communication"** means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Zoom, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.

The term **"Will"** means the Document filed in this lawsuit which appears on the Court's docket at ECF Nos. 2 (Exhibit 3), 29-1 (Exhibit 4), and 31-4 (Exhibit 2).

The terms "**Note**" or "**Notes**" means Documents filed in this lawsuit which appear on the Court's docket at ECF Nos. 2 (Exhibits 1 and 2), 14-1, 14-2, 29-1 (Exhibit 3), and 31-4 (Exhibit 4).

The term "**Communications with**," "**communications from**," and "**communications between**" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "**employee**" means a current or former: officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether *de jure*, *de facto*, or apparent without limitation), advisor, representative, attorney (in law or in fact), borrowed employee, casual employee, consultant, contractor, *de facto* employee, independent contractor, joint venturer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

Please consider all members of a document "**family**" responsive to the Request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

### III. REQUESTS.

1.      All records of communications between You and the Decedent which relate to services You provided to, or on behalf of, the Decedent from 2010 to present.

2.      All records of communications You sent to, or received from, any third party which relate to the Decedent or his Estate from 2010 to present.

3.      All Documents You received from the Decedent or anyone acting on behalf of the Decedent or his Estate from 2010 to present.

4.      All Documents that comprise, reflect, or concern the work You performed on behalf of the Decedent or his Estate from 2010 to present.

5.      All records of communications You sent to, or received from, the Internal Revenue Service, State of Arkansas, any other governmental agency which relate to the Decedent or his Estate from 2010 to present.

6.      All Documents You filed or submitted to the Internal Revenue Service, Arkansas Department of Finance and Administration, or any other governmental agency which relate to the Decedent or his Estate from 2010 to present.

7.      A copy of the Decedent's complete state and federal tax returns (including all schedules, worksheets, and backup documentation) from 2010 to present.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Arkansas

> **EXHIBIT**
> **B**

| | |
|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:23-cv-425-JM |
| | ) |
| JOHN FRANK GIBSON, III | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      SEARCY & ASSOCIATES LLC c/o its Custodian of Records
         201 South Main Street, Monticello, Arkansas 71655
               *(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Searcy & Associates LLC<br>201 South Main Street<br>Monticello, Arkansas 71655 | Date and Time:<br>     05/30/2024 11:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         See, Rider to Subpoena (at § III)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/08/2024

         *CLERK OF COURT*

                         OR

       *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant, John Frank Gibson III                       , who issues or requests this subpoena, are:

Andrew T. Thomasson, Esq., Thomasson PLLC, 16414 San Pedro Avenue, Suite 700, San Antonio, Texas 78232 ~~(973) 665-2056~~

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

THE ESTATE OF JOHN FRANK GIBSON, JR.,                    PLAINTIFF
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS

    v.                      Case No. 4:23-cv-425-JM

JOHN FRANK GIBSON, III                                   DEFENDANT

---

## RIDER TO DEPOSITION SUBPOENA DIRECTED TO
## SEARCY & ASSOCIATES LLC

---

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure,

Defendant, John Frank Gibson III, requests that Searcy & Associates LLC designate one

or more officers, partners, directors, managing agents, or other persons to produce at its

deposition the following Documents[1], electronically stored information, and other

tangible things set forth in Section III below ("Requests") and permit the inspection,

copying, testing, or sampling of that material:

### I. INSTRUCTIONS.

(1)    The following definitions and instructions apply throughout this Rider
including the Requests set forth below unless the context states otherwise.

(2)    Neither the Subpoena nor this Rider is intended to be burdensome or
create any undue hardship, so please promptly contact the attorney
identified on the accompanying Subpoena if you believe otherwise.

(3)    All Documents responsive to this Subpoena shall be produced in full,
without abridgement, abbreviation, or expurgation of any sort. If You
cannot produce any Document in full, You must produce the Document to
the greatest extent possible and provide testimony about which Documents
cannot be produced and why.

---

[1] As used herein, the term "Documents" has the same meaning as Fed. R. Civ. P. 34(a).

(4)     You must produce the original and all non-identical copies, including all drafts, of each Document requested. If You are unable to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts.

(5)     If any Document requested in Section III previously existed, but has since been lost, discarded, deleted, or destroyed, identify each such Document including its date, author, and subject matter.

(6)     If any Document requested in Section III is maintained in electronic form (*e.g.*, e-mail, computer files), You are requested to produce each such Document in paper form as well as provide a copy in electronic form (*e.g.*, FTP, computer disk, USB drive, or removable hard drive).

(7)     Neither the Subpoena nor this Rider seek the production or disclosure of any Documents, materials, or testimony which is protected from disclosure by the attorney client privilege or work product privilege. If You are not producing a Document responsive to any of the numbered Requests in Section III based on a claimed privilege, or for any other reason, please provide testimony asserting the privilege and describe the nature of the Documents, Communications, or things not produced or disclosed in a manner that, without revealing the privileged information, will enable the other parties to assess whether the asserted privilege applies.

(8)     For expediency and to minimize potential research or duplication burden on Your staff, please send records electronically in native format if possible.

## II. DEFINITIONS.

The terms **"You"** and **"Yours"** mean Searcy & Associates LLC including its predecessor firm(s) and their respective present and former partners, employees, agents, assigns, parents, subsidiaries, and affiliate companies and any other person who worked for You on any matter involving John Frank Gibson Jr. unless the context of a Request specifies otherwise.

The term **"document(s)"** means any document or Electronically Stored Information as described in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term.

The term **"Decedent"** means John Frank Gibson Jr.

The terms **"pertaining to," "referring," "relating," "reflect," "reflecting,"** or **"concerning"** with respect to any given subject means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

2

The term **"record"** means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intra-office communications, electronic mail (emails), MMS or SMS text messages, instant messages, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Twitter direct messages, Lync, Slack, and Facebook Messenger), contracts, cables, telexes, notations of any type of conversation, telephone call, voicemail, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electronic records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A record bearing any notation not a part of the original text is to be considered a separate record. A draft or non-identical copy is a separate record within the meaning of this term. By definition a **"communication"** (as that term is defined herein) is also a **"record"** and a **"document"** if the means of communication is any written, recorded, or graphic matter of any sort whatsoever, regardless of how recorded, and whether original or copy.

The terms **"and"** and **"or"** should be construed broadly and either conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope. The terms **"all,"** **"any,"** and **"each"** should each be construed as 'encompassing any and all. The singular includes the plural number, and vice versa. The present tense includes the past and *vice versa*. The masculine includes the feminine and neuter genders.

The term **"communication"** means each manner or means of disclosure or exchange of information (in the form of facts, ideas, inquiries, or otherwise), regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in an in-person meeting, by telephone, facsimile, e-mail (desktop or mobile device), text message, MMS or SMS message, messaging systems (such as iMessage, Microsoft Teams, WhatsApp, Telegram, Signal, Google Chat, Zoom, Twitter direct messages, Lync, Slack, and Facebook Messenger), regular mail, telexes, releases, or otherwise.

The term **"Will"** means the Document filed in this lawsuit which appears on the Court's docket at ECF Nos. 2 (Exhibit 3), 29-1 (Exhibit 4), and 31-4 (Exhibit 2).

3

The terms "**Note**" or "**Notes**" means Documents filed in this lawsuit which appear on the Court's docket at ECF Nos. 2 (Exhibits 1 and 2), 14-1, 14-2, 29-1 (Exhibit 3), and 31-4 (Exhibit 4).

The term "**Communications with**," "**communications from**," and "**communications between**" means any communication involving the related parties, regardless of whether other persons were involved in the communication, and includes, but is not limited to, communications where one party is cc'd or bcc'd, both parties are cc'd or bcc'd, or some combination thereof.

The term "**employee**" means a current or former: officer, director, shareholder, partner, member, consultant, senior manager, manager, senior associate, permanent employee, staff employee, attorney, agent (whether *de jure, de facto,* or apparent without limitation), advisor, representative, attorney (in law or in fact), borrowed employee, casual employee, consultant, contractor, *de facto* employee, independent contractor, joint venturer, loaned employee, part-time employee, provisional employee, or subcontractor.

The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association, and all subsidiaries, divisions, partnerships, properties, affiliates, branches, groups, special purpose entities, joint ventures, predecessors, successors, or any other entity in which they have or had a controlling interest, and any employee, and any other units thereof.

Please consider all members of a document "**family**" responsive to the Request if any single "member" of that "family" is responsive, regardless of whether the "family member" in question is "parent" or "child."

## III. REQUESTS.

1.      All records of communications between You and the Decedent which relate to services You provided to, or on behalf of, the Decedent from 2010 to present.

2.      All records of communications You sent to, or received from, any third party which relate to the Decedent or his Estate from 2010 to present.

3.      All Documents You received from the Decedent or anyone acting on behalf of the Decedent or his Estate from 2010 to present.

4.      All Documents that comprise, reflect, or concern the work You performed on behalf of the Decedent or his Estate from 2010 to present.

5.      All records of communications You sent to, or received from, the Internal Revenue Service, State of Arkansas, any other governmental agency which relate to the Decedent or his Estate from 2010 to present.

6.      All Documents You filed or submitted to the Internal Revenue Service, Arkansas Department of Finance and Administration, or any other governmental agency which relate to the Decedent or his Estate from 2010 to present.

7.      A copy of the Decedent's complete state and federal tax returns (including all schedules, worksheets, and backup documentation) from 2010 to present.