IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 31 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

THE ESTATE OF JOHN FRANK GIBSON, JR.,
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS                              PLAINTIFF

v.                              NO. 4:23-cv-425-JM

JOHN FRANK GIBSON, III                                          DEFENDANT

## MOTION FOR EMERGENCY RELIEF
## OF
## CHARLES SEARCY

Come now Charles Searcy, referred to herein as "Searcy" herein, by and through his

undersigned attorneys, and for his Motion for Emergency Relief herein, state as follows:

1.      Searcy is not a party to this proceeding.

2.      Searcy is a CPA who has provided accounting and tax return preparation services to

the decedent,  John Frank Gibson, Jr., and his wife, Renee Treadwell Gibson, for several years.

3.      Searcy has been served with a subpoena to give a deposition in this matter on

Thursday, May 30, 2024, at the office of his attorneys in Monticello, Arkansas, a copy of which

subpoena is attached as Exhibit "A" hereto.

4.      It should be noted that Searcy and his accounting firm were previously subjected to

subpoenas issued by Defendant for documents and for a deposition of Searcy.   Objections and

related requests for relief were filed by Searcy and his accounting firm to those subpoenas (DE #67).

Subsequently, Defendant withdrew his subpoena requests for documents, and thereupon Searcy and

-1-

his accounting firm filed their Motion to Dismiss their said objections and related requests for relief. (DE #71).

5.      In connection with Defendant's withdrawal of his subpoenas, he issued an Amended Subpoena and served same on Searcy's counsel for deposition of Searcy on May 30, 2024, as reflected by the exhibit to Searcy's said Motion to Dismiss his objections made to the previous subpoenas. (DE #71).

6.      It occurring to Searcy's counsel that Defendant's counsel may attempt to inquire on deposition about information pertaining to Searcy's clients that Searcy is required to keep confidential, Searcy's counsel reached out to counsel for both Plaintiff and Defendant to clarify that Defendant's counsel would not inquire about confidential information held by Searcy that pertains to Renee Treadwell Gibson, widow of John Frank Gibson, Jr., and that Plaintiff's counsel would consent to Searcy sharing confidential information pertaining to John Frank Gibson, Jr., and his estate. That inquiry was met with Plaintiff's counsel opposing Searcy testifying on deposition about certain confidential information pertaining to John Frank Gibson, Jr., or his estate. Searcy's counsel responded by noting that in light of Plaintiff's said opposition that Searcy would have to refuse to testify about confidential information Searcy held that pertained to John Frank Gibson, Jr., and his estate except to the extent permitted by counsel for Plaintiff, and, further, that he would have to refuse to provide confidential information pertaining to Renee Treadwell Gibson absent her consent to such. The response of Searcy concluded by suggesting that the May 30 deposition of Searcy be continued until an acceptable date following the Court's Omnibus Hearing to be held on the next day, May 31, 2024, so that Searcy could, hopefully, have guidance from the Court as to how to deal with the above-described matters. Defendant's counsel replied with threats of sanctions and

penalties against Searcy. The above-described communications were made by way of email exchanges between counsel, copies of which are attached as Exhibit "B" hereto.

7.      In an effort to determine whether Renee Treadwell Gibson would consent to her confidential information held by Searcy being disclosed by Searcy on deposition or otherwise in this case, counsel for Searcy wrote a certified letter to Renee Treadwell Gibson inquiring about whether she would give her consent or not, a copy of which letter is attached hereto as Exhibit "C". Today Renee Treadwell Gibson contacted Searcy and verbally informed him that she would not consent to him disclosing her confidential information on deposition or otherwise.

8.      In these circumstances, Searcy is put into an impossible situation that constitutes a grossly unreasonable imposition and burden on Searcy. On the one hand, if he discloses confidential information in responses to deposition questions, he is subjecting himself and his accounting firm to liability to Renee Treadwell Gibson and/or the Estate of John Frank Gibson, Jr., for unauthorized disclosure of their confidential information. On the other hand, if he refuses to disclose confidential information, he is subjecting himself to liability for sanctions and costs by Defendant and his counsel as threatened in the email of Defendant's counsel. *See* Exhibit "B" hereto.

9.      This situation is not of Searcy's making. He is a bystander in a family fight in which he has no stake whatsoever. He requests the Court to intercede and to enter an emergency order suspending the taking of his deposition until such time as the Court gives him direction and guidance on whether he is required to disclose confidential information pertaining to Renee Treadwell Gibson and/or John Frank Gibson, Jr., and his estate if requested by anyone during his deposition in this case.

WHEREFORE, the premises considered, Charles Searcy prays for the relief hereinabove

-3-

requested, for an award of his attorney fees in having to deal with this matter, and that he have all other proper relief.

Respectfully Submitted,

GIBSON & KEITH, PLLC
Attorneys for Charles Searcy, CPA
119 South Main Street
P.O. Drawer 447
Monticello, AR  71657
Phone:  870/367-2438
Fax:     870/367-6607

By:_____
    C. C. "Cliff" Gibson, III
    Ark. Bar No. 81067

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing pleading was served on counsel of record in this case by emailing a copy of same to counsel of record in the subject case as follows:

Andrew T. Thomasson
Andrew@thomassonpllc.com

Bud Cummins
bud@budcumminslaw.com

on this 28th day of May, 2024.

_____
C. C. "Cliff" Gibson, III

-4-

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

| | |
|---|---|
| THE ESTATE OF JOHN FRANK GIBSON, JR. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   4:23-cv-425-JM |
| | ) |
| JOHN FRANK GIBSON, III | ) |
| *Defendant* | ) |

**EXHIBIT**

*A*

## AMENDED SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        CHARLES SEARCY c/o C.C. "Cliff" Gibson, Esq. - Gibson & Keith PLLC
           119 South Main Street, Monticello, Arkansas 71655
                        *(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  Gibson & Keith PLLC 119 South Main Street Monticello, Arkansas 71655 | Date and Time: 05/30/2024 11:00 am |
|---|---|

The deposition will be recorded by this method:   **Stenographically**

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/22/2024

        CLERK OF COURT                              OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **Defendant, John Frank Gibson III** , who issues or requests this subpoena, are:

Andrew T. Thomasson, Esq., Thomasson PLLC, 16414 San Pedro Avenue, Suite 700, San Antonio, Texas 78232
~~(973) 865-3056; Andrew@Thomassonpllc.com~~

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Cliff Gibson**

| | |
|---|---|
| **From:** | Andrew T. Thomasson <Andrew@thomassonpllc.com> |
| **Sent:** | Tuesday, May 28, 2024 1:23 PM |
| **To:** | Cliff Gibson; Bud Cummins; dmaurice@mauricewutscher.com |
| **Subject:** | Re: Cummins, et al, v. Gibson |

Cliff,

Thanks for your email below. We cannot give you and/or your client legal advice about the appropriateness of what you and your colleague may find objectionable or instructing a client not to answer questions. Of course, attorneys may assert privilege objections and instruct clients not to answer, but it is ultimately the client's decision whether to obey the advice; thus, the serious consequences for wrongfully refusing to answer befalls the client and not the attorney whose bad advice s/he obeyed. We are incurring significant time/expense with Mr. Searcy's deposition, so I caution you in advance I will certify each question he inappropriately refuses to answer and we will promptly move to compel his testimony and seek monetary sanctions for the time/expense incurred compelling the testimony, initial transcript costs, and any resulting deposition. As of 2023, my *court*-approved hourly rate is $705/hr.

To our amazement, the Estate opposed our Proposed Order for Protecting Confidential Information in Discovery—an Order drafted not by us but rather by a federal district court, and approved by Mr. Cummins's co-counsel. It's a bizarre position and inconsistent with the Estate's prior positions (and yours). Neither Don nor I have ever had a case where, like here, an adversary produced reams of a third-party's unprotected financial information without objecting based on privilege and then refused *our* unsolicited efforts to protect the information. Accordingly, we are ceding to Mr. Cummins's demand and will withdraw our pending Motion for Protection which means every document now in our possession remain unprotected.

I look forward to seeing you and Mr. Searcy on May 30th.

**Andrew T. Thomasson | Attorney**
350 Springfield Avenue, Suite 200 | Summit, NJ 07901
D: (973) 665-2056 | F: (973) 559-5579
www.thomassonpllc.com



**THOMASSON** PLLC

**CONSUMER PROTECTION LAWYERS**

NOTICE TO ANY INDIVIDUAL TO WHOM THIS EMAIL IS NOT ADDRESSED: Your review, dissemination, distribution or copying of this message is strictly prohibited. DO NOT PRINT, COPY OR DISTRIBUTE this email. Instead, please click "reply" and advise us that you received this email in error or call us. Then, delete the email and remove it from your Delete folder. If you do print, copy or distribute it, you may be sued to enforce its confidentiality because this email is intended only for the use of the individual(s) to whom it is addressed and may contain privileged or confidential information and, under law, must not be disclosed.

**From:** Cliff Gibson <ccgiii@gibsonandkeith.com>
**Date:** Friday, May 24, 2024 at 5:09 PM
**To:** Bud Cummins <bud@budcumminslaw.com>, Andrew T. Thomasson <Andrew@thomassonpllc.com>, dmaurice@mauricewutscher.com <dmaurice@mauricewutscher.com>
**Subject:** RE: Cummins, et al, v. Gibson



EXHIBIT

*B*

1

Gentlemen:

I believe that Charles Searcy is required by the Defendant's subpoena to appear at our offices at 1 pm on May 30 to give his deposition absent an Order of the Court directing otherwise.

That said, if during the deposition counsel for the estate objects to Charles Searcy testifying about a particular matter concerning information held by Charles Searcy that the estate considers confidential and not subject to discovery, I think Charles Searcy will have no choice but to refuse to disclose that information pending a Court order being made that directs him to doing otherwise.

On the subject of the confidential information held by Charles Searcy pertaining to widow Renee Treadwell Gibson, I cannot imagine Defendant's counsel asking any questions on deposition about that, but if such were inquired about and if Charles Searcy does not have the consent of the widow to disclosure confidential information pertaining to her by the time of the deposition, I think that Charles Searcy will have no choice but to refuse to discloses that information pending a Court order being made that directs him to do otherwise.

The reason I write these things to you is so no one is caught by surprise at the May 30 deposition by Charles Searcy refusing to provide information that he is obliged to keep confidential by his clients short of a Court order directing him to disclose same.

An additional reason for me writing this email to you is to suggest that the deposition be continued until an acceptable date following the Court's Omnibus Hearing scheduled for May 31 so that, hopefully, Charles Searcy can have guidance from the Court as to how to deal with the above matters when he is deposed.

Best Regards,

C.C. "CLIFF" GIBSON, III
CCGIII@GIBSONKEITHLAW.COM



GIBSON & KEITH
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
119 SOUTH MAIN STREET, POST OFFICE DRAWER 447, MONTICELLO, AR 71657-0447
PHONE: (870) 367-2438   FAX: (870) 367-8306   WWW.GIBSONKEITHLAW.COM

NOTICE:This electronic mail transmission and any attachment(s) may constitute an attorney-client communication that is privileged by law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you are not the intended recipient, or person responsible for delivery of this electronic mail transmission to the named recipient, you are notified that any review, distribution, or dissemination of a copy is prohibited by law. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by return email or by calling (870) 367-2438, so that our address record can be corrected. Thank you for your attention to this matter.

**From:** Bud Cummins <bud@budcumminslaw.com>
**Sent:** Friday, May 24, 2024 11:30 AM
**To:** Cliff Gibson <ccgiii@gibsonandkeith.com>; Andrew Thomasson (Andrew@thomassonpllc.com) <Andrew@thomassonpllc.com>; dmaurice@mauricewutscher.com
**Subject:** RE: Cummins, et al, v. Gibson

Counsel,

As to the deposition of Mr. Searcy, the estate's position is similar or identical to the estate's position on virtually every issue. The debt has never been rescinded or modified. There is no ambiguity on the face of the notes, the

terms are clear. Therefore, the parol evidence rule should preclude the admission of all extrinsic evidence, and burdensome efforts to continue to collect irrelevant information are inappropriate and unnecessary, especially since Defendant has enjoyed free rein to do so for almost five months now.

I don't think it is a secret at this point that we view 99% or 100% of the discovery conducted since January 1 to be aimed to accomplish nothing legitimate, or has been solely designed to collect evidence to support extrinsic arguments that have no arguable legal bearing on the case. I believe the prime goal has been to harass other parties, cause delay, and deplete the estate's available resources. For these reasons, I am not willing to gratuitously concede anything regarding further discovery unless and until Judge Moody instructs me to do so.

Judge Moody may well disagree with the estate's position on ambiguity and extrinsic evidence, in which case we will likely be heading to a jury trial. Discovery deadlines will almost certainly be adjusted accordingly, and it may even become appropriate to explore ancillary issues. I invited the Defendant to join in such a request last week and received no firm response.

As to Mr. Searcy specifically, it makes little sense to depose him before the May 31 hearing before Judge Moody. I note that the estate previously mentioned Mr. Searcy as a potential witness who might need to calculate interest as part of a damages claim. However, as far as I know, Mr. Searcy has never been asked to perform such calculations for the estate. Unless Mr. Gibson corrects me on behalf of his client, Mr. Searcy will not have any input to offer on this issue (interest or damage calculations) on May 30th. If he does have information about damage calculations for this case, the estate waives confidentiality as to that issue.

Otherwise, the estate is not willing to broadly waive confidentiality as to a deposition of Mr. Searcy. I will waive confidentiality specifically regarding his freedom to respond to questions that might be reasonably calculated to lead to evidence of payment, modification, or rescission of the debt.  And by that, I do not mean questions about unrelated transactions to support creative arguments that the defendant's debt should be credited somehow concerning those transactions. Payment means money paid to his father or to the estate. Modification and rescission mean contract modifications that can be proved by clear and convincing evidence. The estate does not waive confidentiality beyond those parameters.

In my view, the defendant should voluntarily agree to wait and allow Judge Moody to provide more specific guidance before going to the time and expense of deposing Mr. Searcy.

I do not see a need for a protective order unless perhaps Judge Moody orders the estate or witnesses like Mr. Searcy to provide the defendant with extensive information beyond what I describe. Though I do not believe the estate's position was solicited before the motion was filed, agreeing to an unnecessary and complicated protective/confidentiality order now could be merely offering up another cudgel that is likely to be used to cause distraction, wasted time, and abuse. I intend to file a response to the motion and advise the court accordingly.

I assume that on the 31st the Judge will take up the estate's pending motion to quash the deposition of Mr. Searcy and this Motion for a Protective Order as well, which is another reason to put off Mr. Searcy's deposition until after we see the Judge on May 31.

Those are my thoughts. Let me know if I missed any issues needing immediate attention, meet and confer, etc.

Bud

**Bud Cummins**
**+1.501.831.6125**

**From:** Cliff Gibson <ccgiii@gibsonandkeith.com>
**Sent:** Thursday, May 23, 2024 6:18 PM

**To:** Andrew Thomasson (Andrew@thomassonpllc.com) <Andrew@thomassonpllc.com>; **Bud Cummins** <bud@budcumminslaw.com>
**Subject:** Cummins, et al, v. Gibson
**Importance:** High

Gentlemen:

As I look at this case and the protective order issues, it occurs to me that to protect my client Charles Searcy at his upcoming deposition that I need (1) Andrew's agreement that he will not seek any information from Mr. Searcy that pertains to Renee Treadwell Gibson, and (2) Bud's agreement that the Estate consents to Mr. Searcy providing anything he knows from his relationship with John Frank Gibson, Jr.

Absent those agreements, I will be forced to raise one or both of those matters with the Court.

Please advise. Thanks, and

Best Regards,

C.C. "CLIFF" GIBSON, III
CCGIII@GIBSONKEITHLAW.COM

 GIBSON & KEITH
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
119 SOUTH MAIN STREET, POST OFFICE DRAWER 447, MONTICELLO, AR 71657-0447
PHONE: (870) 367-2438    FAX: (870) 367-8306    WWW.GIBSONKEITHLAW.COM

NOTICE:This electronic mail transmission and any attachment(s) may constitute an attorney-client communication that is privileged by law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you are not the intended recipient, or person responsible for delivery of this electronic mail transmission to the named recipient, you are notified that any review, distribution, or dissemination of a copy is prohibited by law. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by return email or by calling (870) 367-2438, so that our address record can be corrected. Thank you for your attention to this matter.



C. C. "CLIFF" GIBSON, III
PAUL W. KEITH
TYLER HUDOCK

**GIBSON & KEITH**
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

119 SOUTH MAIN STREET
POST OFFICE DRAWER 447
MONTICELLO, AR 71657-0447
PHONE: (870) 367-2438
FAX: (870) 367-8306
WWW.GIBSONKEITHLAW.COM

May 20, 2024

**VIA CERTIFIED MAIL**
**RESTRICTED DELIVERY**
**RETURN RECEIPT REQUESTED**
**RETURN RECEIPT NO. 9415 4112 0620 4110 9323 37**

Renee Treadwell Gibson
169 Gatesway Drive
Monticello, AR 71655



EXHIBIT
C

RE:   Cummins, et al, v. John Frank Gibson, III
       USDC No. 4:23-cv-425-JM

Dear Renee:

We represent Charles Searcy and his firm Searcy & Associates, LLC, relative to subpoenas issued by counsel for John Frank Gibson, III, to Charles Searcy and his firm in the subject litigation pending in Federal Court.

We understand that Charles Searcy verbally informed you that on May 14, 2024, he was served with subject subpoenas. We write you now in behalf of Charles Searcy and his firm to provide you with copies of the subpoenas, and to provide you with a copy of certain Objections we have filed with the Court in behalf of Charles Searcy and his firm relative to the subject subpoenas.

While you are not required to consult with an attorney regarding these matters, we encourage you to do so as we believe the subpoenas could result in Charles Searcy and his firm being required to produce records to counsel for John Frank Gibson, III, under the subpoenas that pertain to you.

As the enclosed Objections, etc., pleading reflects, Charles Searcy and his firm have objected to the subpoenas insofar as same cover and reach records pertaining to you and your tax and other financial information that are held by Charles Searcy and his firm. At this point it is uncertain whether those objections will be sustained or overruled. It is, therefore, important for Charles Searcy and his firm to know whether you object or consent to disclosure of your information under the subpoenas. We recommend that you make your decision on that issue with the advise of your own legal counsel. Importantly, if you consent to disclosure of your information under the subpoenas, it will be necessary for that consent to be in writing and signed by you and that such written consent be delivered to Charles Searcy at his offices in Monticello. If no consent from you is forthcoming,

Ms. Renee Treadwell Gibson
RE:   Subpoenas from JF Gibson III
May 20, 2024 – Page 2


Charles Searcy and his firm will have no choice but to assume that you object to any disclosure of any information or records pertaining to you.

      Finally, please understand that I really don't need to talk with you about this subject notwithstanding our longtime relationship.  My sole role in all of this is to represent and protect Charles Searcy and his firm.  You should consult with your own personal attorney about these matters and whether it is advisable for you to file your own objections to the subpoenas with the Court.


                            Sincerely,

                            C. C. "Chip" Gibson, III

CCG/vks


ccw/e/via email:        Mr. Charles Searcy