IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THE ESTATE OF JOHN FRANK GIBSON, JR.,
DECEASED, BY AND THROUGH ITS COURT
APPOINTED EXECUTRIX, JODY CUMMINS                              PLAINTIFF

v.                                      CASE NO. 4:23-cv-425-JM

JOHN FRANK GIBSON, III and
BLACKROCK LAND HOLDINGS LLC                                    DEFENDANTS

---

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

NOW COMES Plaintiff the Estate of John Frank Gibson, Jr., deceased, by and

through its court-appointed Executrix, Jody Cummins, by counsel H.E. "Bud"

Cummins, and for her Reply in Support of Plaintiff's Motion for Summary Judgment

and Response in Opposition to Defendant's Cross-Motion for Summary Judgment,

states:

## **INTRODUCTION**

In his Response, Defendant makes the fantastic argument that he received no

consideration for the Notes, and so the Notes are unenforceable.  This new argument

goes beyond zealous or creative advocacy; it is untruthful and misleading to the point

of triggering Fed. R. Civ. P. 11, prohibiting attorneys and parties from making factual

assertions that lack any evidentiary support.  This new defense contradicts not only

the undisputed documentary evidence presented by Plaintiff, but also contradicts

Defendant's own previous sworn statements.  As such, this Court should not consider such evidence.

This was supposed to be a simple collection action, which Plaintiff never wanted to have to file.  But it turned into a federal case, literally, when Defendant employed a scorched-earth strategy to punish everybody associated with the collection effort.  Defendant has accused his sisters, stepmother, and Decedent's former personal attorney of fraud, ethical violations and crimes.  Defendant has sued the Plaintiff's four former attorneys, personally.  Jill Gibson's Decl. at ¶ 17.

Defendant has continued his campaign of personal destruction in his supplemental Response.  Now, in perhaps the most telling sign of desperation about the merits of his defense, Defendant tries to divert the Court's attention with an inexcusable attempt to smear Decedent. While Defendant's personal attacks of others associated with this case have become an expected tactic, Defendant now turns on his father by claiming: "The Decedent committed malpractice, fraud, a panoply of ethical violations, and very likely a [sic] one or more felonies in connection with his legal representation of Mr. Gibson . . . ."  Response at 4.  Any doubt about whether this is a diversionary tactic meant only to discredit Decedent, who cannot defend himself, is laid to rest by the fact that Defendant never mentions it again in the rest of his brief. This tactic is not new:

"When you have no basis for an argument, abuse the plaintiff."

– *Cicero*

This Court should disregard the baseless accusations and inadmissible evidence proffered by Defendant. The defendant should be made to pay the Notes he gave the Decedent in exchange for farmland.  Plaintiff respectfully requests this Court to grant its motion for summary judgment and deny Defendant's cross-motion for summary judgment.

## FACTUAL BACKGROUND

On May 18, 2018, Decedent and Defendant entered into a lender-financed sale of real estate by executing the following instruments:

- Decedent executed deeds to farmland ("Property") he owned to Defendant.  These deeds were properly recorded in the Drew County Courthouse and Chicot County Courthouse .  Barton Decl. at Exhibits 3 and 4.

- Defendant executed two promissory notes ("Notes") for the purchase price of the of Property- totaling $842,000.  Barton Decl. at Exhibits 1 and 2.

- Defendant executed and gave mortgages on the Property to Decedent to secure the Notes.  Doc. 17-3; Barton Decl. at Exhibits 5 and 6.

On October 22, 2020, Decedent executed a Will and specifically itemized the Notes among assets to be distributed to his heirs.    Doc. 2, Exhibit 3 at 2, ¶5; Jill Gibson Decl. at ¶¶ 3-9, 15, Exhibit 3; Treadwell Decl. at ¶¶  2-7.

On November 22, 2020, Decedent died.

On June 29, 2022, the Decedent's estate ("Plaintiff") sent a demand letter to the Defendant in an attempt to collect payment on the Notes, on which the Defendant had made no payments.  *See* Doc. 2, Exhibit 4.  The Defendant failed to pay as demanded.

After an unsuccessful mediation, Plaintiff filed this lawsuit to collect the debt from Defendant on May 5, 2023.

## LEGAL STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The initial burden is on the moving party to demonstrate that the record does not disclose a genuine dispute of material fact. Once this is done, the burden shifts to the nonmoving party to "set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue." *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988). If the nonmoving party fails to carry that burden, summary judgment should be granted. *Id*.

"In ruling on a motion for summary judgment '[t]he district court must base the determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial.'" *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 923-24 (8th Cir. 2004) (internal citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Johnson Reg'l Med. Ctr. v. Halterman*, 867 F.3d 1013, 1016 (8th Cir. 2017) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A factual dispute is

genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008).

Only reasonable inferences are permissible when courts evaluate summary judgment motions. "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## ARGUMENT

On October 9, 2023, Plaintiff moved for summary judgment on its breach of contract claim. The plaintiff's motion is based on the simple legal argument that the Notes are unambiguous but the Defendant failed to pay when the debts became due. Defendant responded on October 23, 2023, acknowledging that the Notes had been executed in exchange for property. He admitted that "[a]s part of one of Mr. Gibson's and the Decedent's business deals, they executed two notes in exchange for certain family properties." Doc. 17 at 2; Doc. 17-1 ¶¶ 6-9 ("we executed two notes on May 18, 2018, for $10,000 and $842,000"). Defendant admitted that Decedent transferred his one-half interest in the Property to Defendant and took a mortgage on the Property. Doc. 17 at 4; Doc. 17-1 at ¶ 6 ("I also executed a Mortgage with my father and Renee Gibson, aka Renee Treadwell, on May 18, 2018 (the same day as the Notes)."). But

Defendant claimed that he and the Decedent made a contemporaneous oral agreement and also a subsequent modification of the Notes that lessened his obligations of payment, without providing any proof of either. *See* Doc. 17 at 4-5.

After Plaintiff filed its Reply arguing there was no evidence of the alleged modification or rescission and that such evidence would violate the parol evidence rule, Defendant requested ninety (90) days to conduct additional discovery supposedly about what his father might have said to his sisters about discounting the Notes to facilitate the filing of a supplemental response. On November 16, 2023, this Court granted the Defendant's request (Doc. 22), creating a deadline of February 14, 2024, to file a supplemental response. To put it mildly, Defendant initiated a barrage of discovery far exceeding the limited scope he described in his affidavit, and far exceeding the scope of anything relevant to a valid defense in the case. On June 21, 2024, over four months after the new deadline, Defendant filed his supplemental response. But rather than meeting proof with proof, Defendant completely changed his version of events surrounding the Notes and changed his defense to "lack of consideration."

This new argument is puzzling, especially in light of the overwhelming evidence of consideration. By making this new argument, Defendant may believe he can avoid the parol evidence rule. *See* Response at 7 ("It is well-settled that parol evidence is admissible to prove failure of consideration for a note."). Defendant is mistaken, as described below. Moreover, Defendant is estopped from now claiming he received no consideration for the Notes because he already admitted, in response

to interrogatories, that he entered into an enforceable contract with Decedent and expressly identified the consideration. *See* Doc. 6 at ¶¶ 10 and 14 ("Mr. Gibson admits that he executed a promissory note with John Frank Gibson, Jr. in the amount of $832,000 [and $10,000] dated May 18, 2018 . . . ."). Defendant is judicially estopped from taking a position clearly inconsistent with his earlier position. *See Dupwe v. Wallace,* 355 Ark. 521, 532, 140 S.W.3d 464, 471 (2004) (the court expressed concern about parties "playing fast and loose with the courts" and stated a court has the right to rely on a party's representations). Moreover, even if there was an absence of consideration, Plaintiff could enforce the contract pursuant to promissory estoppel because, acting in reliance on the Notes, Decedent transferred the deed to the Property to Defendant.

The undisputed material facts of this case establish that this Court should grant Plaintiff's Motion for Summary Judgment, and Defendant's shifting defenses and versions of events cannot defeat Plaintiff's evidence.

### A. Plaintiff has demonstrated the record does not disclose a genuine dispute on a material fact on its breach of contract claim.

Plaintiff has presented undisputed evidence that establishes its right to payment: the unambiguous Notes, the demand for payment, and Defendant's failure to pay. The Defendant's efforts to complicate matters do not change this. In his Response, Defendant points to Decedent's personal financial statements, attempts to introduce inadmissible parol and hearsay evidence, and conveniently forgets that Decedent transferred property deeds to him filed of record in Drew and Chicot

Counties.  But none of the Defendant's proffered evidence creates a genuine issue of material fact. Even Defendant admits that "a trial is unnecessary because the Court may decide the Estate's Motion and Mr. Gibson's Cross-Motion as a matter of law based upon the undisputed material facts."  Response at 2.

The parties appear to agree on the elements required to establish a breach of contract claim.  According to Defendant, the following is required:

(1) plaintiff and defendant had a contract;

(2) the contract required defendant to perform a certain act;

(3) plaintiff did what the contract required;

(4) defendant did not do what the contract required; and

(5) plaintiff was damaged by the breach.

*Foreman Sch. Dist. No. 25 v. Steele*, 61 S.W.3d 801, 807 (Ark. 2001).  As shown below, Plaintiff has established all of the elements based on undisputed evidence.

### 1.   It is undisputed that Plaintiff and Defendant had a contract.

In his first response and declaration, Defendant conclusively admitted that a contract – the Notes - existed between him and Decedent.  *See* Doc. 17 at 2 and 4; Doc. 17-1 ¶¶ 6-9; Doc. 6 at ¶¶ 10 and 14.  Defendant has never argued that the Notes are ambiguous or unclear.  Indeed, there is no room for such argument because the Notes expressly and clearly identity the parties to the contract, the date it was entered into, the amount owed under the Notes, the interest rate, when the payment is due, and what consideration was provided in exchange for the Notes.  *See* Doc. 2, Ex. 1 and 2.

Applying Arkansas law to these facts, the parol evidence rule prohibits Defendant from introducing extrinsic evidence to vary the terms of the Notes, specifically the consideration clause. *See* Stokes v. Stokes, 2016 Ark. 182, 7, 491 S.W.3d 113, 119 (2016); *First Nat'l Bank v. Griffin,* 310 Ark. 164, 832 S.W.2d 816 (1992). The premise of the parol evidence is that the written agreement itself is the best evidence of the intention of the parties. *Id.* The Defendant's willingness to make desperate and false accusations in this case may best demonstrate why the parol evidence rule is so important to the integrity and free transferability of negotiable instruments.

Defendant argues that the parol evidence rule does not apply when a party claims the contract lacked consideration. Defendant is correct that in some situations, "despite the strictures of the parol-evidence rule, lack of consideration is a defense to a promissory note." *Borland v. Travis*, 2010 Ark. App. 461, *4 (2010). In *Borland*, the court found that a contract existed because the payee failed to respond to a request for admission that asked him to admit that there was no consideration for the promissory note. Failing to respond had the effect of admitting the statement, which meant the court did not have to determine if there was actually a lack of consideration. *Borland* at *5 ("Because we reverse and remand on this point, we need not address Borland's second point regarding the invalidity of the note due to its intention to obligate Borland to a preexisting debt[.]").

*Borland* does not help Defendant because the case at hand is factually very different, and those differences prevent Defendant from introducing extrinsic

evidence to show that the Notes lacked consideration. *Sims v. Best*, 140 Ark. 384, 215 S.W. 519, 521 (1919), provides a good explanation of when extrinsic evidence may be introduced to show a lack of consideration:

"Wherever, in a deed, the consideration, or an admission of its receipt, is stated merely as a fact, that part of the deed is viewed as a receipt would be, and the statement is subject to be varied, modified, and explained; but, if the stated consideration is in the nature of a contract—that is, if by it a right is vested, created, or extinguished - the terms of the contract thereby evidenced may not be varied by parol proof, but the writing is its own sole exponent."

*Id.* at 215 S.W. at 520. Likewise, in *Armstrong v. Union Tr. Co.*, 113 Ark. 509, 168 S.W. 1119, 1120 (1914), the court stated: "[T]he rule is that where the consideration clause is itself a part of the contract, and not merely a receipt, the general rule as to the inadmissibility of oral evidence to vary or contradict a written contract prevails."

In the present case, the parol evidence rule applies to prohibit extrinsic evidence of lack of consideration. This is because the Notes contain a consideration clause that is more than a statement of receipt; the clause explains that the Notes are given for the "Purchase price of half interest in farm at Hudspeth, Arkansas" and for "Purchase of Chicot Co. portion of Island at Hudspeth, Ark." Doc. 2, Ex. 1 and 2. This language is part of the contract and explains that the promise to pay is in exchange for the Property. This language is contractual in nature and creates rights; thus, extrinsic evidence may not be introduced to vary this language. *See*, *e.g.*, *Stilley*

*v. James,* 345 Ark. 362, 369, 48 S.W.3d 521, 526 (2001) ("Arkansas case law is clear that parol evidence may *not* be introduced to demonstrate a complete lack of consideration.") (emphasis in original); *Williams v. Chicago, R.I. & P. Ry. Co.,* 109 Ark. 82, 158 S.W. 967, 968 (1913) ("where the recital of the consideration is part of the contract itself, or, in other words, that the amount or nature of the consideration is contractual, then to admit such proof would vary the terms of the contract and is therefore inadmissible"); *Cate v. Irvin*, 44 Ark. App. 39, 43, 866 S.W.2d 423, 426 (1993) ("Such testimony is inadmissible if it tends to alter, vary, or contradict the written contract but is admissible if it tends to prove a part of the contract about which the written contract is silent."); *Ingram v. Chandler*, 63 Ark. App. 1, 10, 971 S.W.2d 801, 805 (1998) ("Appellants cannot offer parol evidence to show the complete absence of any consideration.); *Brown v. Aquilino*, 271 Ark. 273, 275, 608 S.W.2d 35, 36 (Ct. App. 1980) ("where the consideration clause is itself a part of the written contract, oral evidence is not admissible to vary or contradict the written part").[1]

Because Defendant wants to introduce evidence that would vary the terms of the Notes, the parol evidence rule applies and prohibits introduction of such evidence. As such, the financial statements and tax returns proffered by Defendant may not be considered.

### 2. It is undisputed that the contract required Defendant to perform a certain act.

---

[1] *Borland* did not run afoul of these cases because the promissory note at issue there did not acknowledge specific consideration; the consideration clause acted as a receipt because it only stated, "for value received." *Borland* at note 1.

According to the clear terms of the Notes, Defendant was supposed to, on demand, pay $832,000 and $10,000 to Decedent. Defendant does not dispute that he has not paid these amounts. The Defendant also does not dispute that demand has been made. The Complaint alleges that on June 29, 2022, Plaintiff attempted to collect payment on the Notes by sending a demand letter to Defendant. Defendant admitted to this in his Answer. *See* Doc. 6 at ¶23. As such, it is conclusively established that Plaintiff demanded payment of the Notes. *See* Fed. R. Civ. P. 8(6).

### 3. It is undisputed that Decedent did what the contract required.

The Notes' consideration clauses show that Decedent agreed to accept the Notes as payment for the Property. And pursuant to this agreement, on May 18, 2018, the same day the Notes were signed, Decedent signed deeds conveying ownership of the Property described in the Notes to Defendant – a half interest in the farm property located in Hudspeth, Arkansas and the Chicot County portion of land referred to as "the Island" in Hudspeth. *See* Barton Decl., Exhibits 3 and 4.

### 4. It is undisputed that Defendant did not do what the contract required.

Defendant does not dispute that he has failed to pay the Notes.

### 5. It is undisputed that Plaintiff has been damaged by Defendant's breach.

The underlying purpose in awarding damages for breach of contract is to place the injured party in as good [of a] position as he would have been had the contract been performed." *Bowman v. McFarlin*, 1 Ark. App. 235, 239, 615 S.W.2d 383, 385 (1981); s*ee also Rebsamen Cos., Inc. v. Ark. State Hosp. Emps. Fed. Credit Union*, 258

Ark. 160, 162–63, 522 S.W.2d 845, 847 (1975).  The correct measure of damages for a breach of promissory notes primarily involves the unpaid principal plus accrued interest.  *Guaranty Financial Corp. v. Harden*, 242 Ark. 779 (1967).  It is evident from case law that courts have consistently awarded damages based on the outstanding balance of the note, including any accrued interest.  Furthermore, in cases of default on promissory notes, courts have awarded the amount of the note plus any penalties specified within the note's terms.  *See, e.g., Ward v. Miller*, 2021 Ark. App. 320, 11, 634 S.W.3d 545, 550 (2021) (penalties are free from usury limitations).

In the case at bar, Plaintiff has been damaged by Defendant's breach because the Estate has not received the assets it is entitled to from Defendant.  Jody Cummins Decl. at ¶2.  Additionally, Plaintiff has been unable to distribute the proceeds of the Notes to Decedent's beneficiaries or pay debts of the Estate.  *Id.*  Plaintiff is entitled to the following damages: (1) the unpaid principal of $842,000 and (2) pre-judgment interest calculated using the date of demand (June 29, 2022), post-judgment interest, and attorney fees, all under the terms of the Notes, the terms of the mortgages, and/or pursuant to state statute.  Ark. Code Ann. § 16-65-114 (pre- and post-judgment interest); Ark. Code Ann. § 16-22-308 (attorney fees).

### B. Defendant has not carried his burden of setting forth specific facts showing there is a genuine dispute of material fact on Plaintiff's claim.

Plaintiff has shown that the record does not disclose a genuine dispute of material fact on the above elements required to establish a breach of contract claim.  Therefore, Plaintiff's burden is discharged and now the burden shifts to Defendant to

set forth affirmative evidence, specific facts, showing that there is a genuine dispute on the claim. Defendant's speculative and self-serving arguments and inadmissible evidence are insufficient to rebut Plaintiff's evidence and establish a material dispute. Defendant's new defense of lack of consideration is "blatantly contradicted by the record" and no reasonable jury could believe it. *See Scott*, 550 U.S. at 380. As such, the Court is not required to, and should not, adopt Defendant's version of events in deciding this motion. This Court should not countenance Defendant's shifting legal defenses and contradictory sworn statements. Because Defendant has failed to meet proof with proof to establish a genuine issue of material fact, this matter can and should be decided by summary judgment in favor of Plaintiff against Defendant.

### 1. Defendant's statement he did not receive a loan is incorrect and made in bad faith.

The Supplemental Complaint states that "Defendant did make execute, and deliver to John Frank Gibson, Jr, a promissory note, in the original principal amount of $832,000 [and] in the original principal amount of $10,000." Doc. 36 at 3. This statement was modified by the clause: "to evidence a loan he had received." Doc. 36 at 3. Defendant's defense is primarily based on playing a word game by refuting this modifying clause, claiming he did not receive cash of $842,000 from Decedent.

As an initial matter, it is correct that Defendant received a loan from Decedent because the Notes evidenced a lender-financed real estate purchase. Even if it would have been more clarifying to say, "to evidence real property he had received," it is still disingenuous to seize upon the wording of a modifying clause and use it as an excuse to make the argument that the Notes lacked consideration because "Defendant did

not receive a loan." It has been clear throughout this case and there has been no dispute that the Notes were executed as payment for the Property. In fact, Defendant's first response explains that the Notes were executed in exchange for Decedent transferring property to Defendant: "As part of one of Mr. Gibson's and the Decedent's business deals, they executed two notes in exchange for certain family properties." Doc. 17 at 2; *see also* Gibson [First] Aff. ¶¶ 6-9. Plaintiff has never alleged that Decedent loaned Defendant $842,000 in cash and Defendant's misrepresentation to the contrary is an inexcusable attempt to mislead this Court and confuse the facts in this case.

### 2. Defendant's argument that he did not receive consideration for the Notes contradicts the evidence, including his own affidavit.

Defendant has the burden of proving he received no consideration. *See Searcy v. Clark*, 82 S.W.2d 839 (Ark. 1935). He cannot satisfy that burden.

On May 18, 2018, Decedent executed and transferred deeds to the Property to Defendant, and these deeds were properly recorded in the Drew County Courthouse and Chicot County Courthouse. Barton Decl., Exhibits 3 and 4. The deeds may be considered by the Court pursuant to Fed. R. Evid. 803(14), which states records of documents that establish or affect an interest in property are not excluded by the hearsay rule if the record is kept in a public office and a statute authorizes the recording of documents of that kind in that office.

As previously established and admitted by Defendant, Decedent gave the deeds to the properties to Defendant in exchange for the Notes. Defendant also gave

Decedent mortgages on the Property. Doc. 17-3 at 111, Barton Decl., Exhibits 5 and 6. Thus, Defendant cannot truthfully or reasonably argue that he received no consideration for the Notes because the undisputed evidence shows he received the deeds to, and ownership of, the properties in exchange for executing the Notes. The deeds, mortgages, and Notes were all executed on the same day – May 18, 2018 – which reflected the standard practice of documenting a lender-financed real estate sale.[2]

In real estate transactions, it is common for the borrower to sign a promissory note and give a mortgage to the lender. *See Parker v. Parker*, 2017 Ark. App. 242, 1, 520 S.W.3d 693, 695 (2017) (debtor executed a note and mortgage in favor of his parents, who were the lenders); *Burnett v. Rush & Co., Inc.*, 2015 Ark. App. 629, 2, 475 S.W.3d 571, 572 (2015) (lender sold home to borrower, who in exchange signed promissory note secured by mortgage on the home). Further support for this practice is Ark. Code Ann. § 14-117-414(d), which authorizes the issuance of promissory notes and the execution of mortgages as security for repayment of loans.

Defendant acknowledges that consideration "means any consideration sufficient to support a simple contract," Ark. Code Ann. § 4-3-303(b), and "is any benefit conferred." Response at 7. Certainly, receiving a deed to valuable property

---

[2] The documents should be read as one document. "The general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, are, in the eye[s] of the law, one instrument, and will be read and construed together as if they were as much one in form as they are in substance." *Parker v. Parker*, 2017 Ark. App. 242, 6–7, 520 S.W.3d 693, 697 (2017)

can be consideration. And Defendant is well aware that he received the deeds as consideration for his promissory notes, so Plaintiff is mystified as to why Defendant would deny that he received any consideration. Indeed, Plaintiff signed deeds that state he received Properties valued at $832,000 and $10,000. Barton Decl., Exhibits 3 and 4. The Drew County Warranty Deed states:

> That John F. Gibson, Jr., GRANTOR, for and in consideration of the sum of Eight Hundred Thirty-Two Thousand Dollars ($832,000.00), and other good and valuable consideration paid by John F. Gibson, III, GRANTEE, the receipt of which is hereby acknowledged, do hereby grant bargain, sell and convey unto the Grantee…
> Barton Decl., Exhibit 3

The Chicot County deed similarly recites the consideration given for the deed. Barton Decl., Exhibit 4

Each deed goes on to provide the legal description of the Property that corresponds to the shorthand land description on each of the corresponding Notes. Barton Decl., Exhibits 3 and 4

Defendant would not have been able to sell a portion of the Property as he did in 2019 without holding title to the Property, and he could not have transferred the remaining portion of the Property to Defendant Blackrock without holding title.

Additionally, in his first declaration, Defendant stated: "I also executed a Mortgage with my father and Renee Gibson, aka Renee Treadwell, on May 18, 2018 (the same day as the Notes).". Doc. 17-1 at para 6; see also Barton Decl., Exhibits 5 and 6. The Drew County mortgage, introduced into the record by Defendant, states that he granted the mortgage to Decedent "for valuable consideration," which refers

to the deed.  *See* Doc. 17-3 at 1.   The mortgage further states it is for the purpose of securing the payment of the Notes.  *Id.*

However, undeterred by documented facts, Defendant's Response states: "Discovery conducted since then revealed the Plaintiff has no evidence that Defendant received anything for making the two notes."  Response at 8-9.  In his declaration, Defendant falsely claims, "I never received anything of any value from my father as consideration in exchange for the First Note [and] Second Note."  Doc. 86 at ¶¶ 5 and 6.  Because Defendant's declaration contradicts his previous sworn declaration and contradicts the undisputed evidence in this case, these statements should be disregarded by the Court. In essence, the Defendant pretends to be unaware of the existence of publicly recorded deeds, along with notes and mortgages bearing his signature but reports to the Court he was frustrated in his search elsewhere for evidence of consideration.

It is true that an affidavit generally suffices to create an issue of material fact, but not always.  *See Davidson & Assocs. v. Jung,* 422 F.3d 630, 638 (8th Cir.2005) ("A plaintiff may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor.").   To hold otherwise "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* at 1365.  Likewise, in *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006), the Eighth Circuit held that a plaintiff could not defeat summary judgment by his self-serving affidavit attempting to contradict the objective evidence.  *See also Green v.*

*Byrd*, 358 F. Supp. 3d 782, 788–89 (E.D. Ark. 2018), *aff'd*, 972 F.3d 997 (8th Cir. 2020) (defendant cannot create a genuine dispute of material fact merely by signing an affidavit contradicting his own previous signature).

### 3. Defendant's unsupported argument that he paid off Decedent's debts is unpersuasive.

Defendant states in his declaration: "On June 19, 2019, I satisfied $2,056,393.27 of debt that was either: *(i)* owed by my father individually, *(ii)* owed by my father and I jointly, *(iii)* guaranteed by my father, or *(iii)* [sic] guaranteed by me for my father.  This allegation lacks sufficient information to be the basis for any defense.  According to this allegation, the entirety of the debts could have been debts owed by Defendant and guaranteed by Decedent.  In such cases, it was not Decedent's debt.  Defendant argues that the alleged payments to satisfy Decedent's alleged debt creates a material fact issue concerning Plaintiff's claim that it is due $842,000.00.  Doc. 85 at 11.  But Defendant does not explain what fact issue is created, or how it is a material fact.  If Defendant is trying to argue he is entitled to a setoff, he cites no authority that he would legally be entitled to a setoff.  Defendant is just throwing out an unsupported allegation – that he paid off Decedent's debts – and hoping that somehow defeats Plaintiff's summary judgment motion.  The Court should ignore this wholly unsubstantiated claim, however, should the matter go to trial, Plaintiff possesses sufficient information about the loans to be entirely confident that it will prove that the debts paid off at the closing were entirely debts incurred for the benefit of Defendant and not for his father. The suggestion he paid off any debts for his father

is as absurd and provably false as his claims he got no land as consideration for his promissory notes. Those transactions have no arguable relevance here.

### 4.    Only admissible evidence may be considered for purposes of summary judgment

Fed. R. Civ. P 56(e) requires that affidavits relating to summary judgment must "set forth such facts as would be admissible in evidence."  It is well settled in this district and elsewhere that a court, in considering a motion for summary judgment, can consider only evidence that would be admissible at trial.  *Blanks v. Waste Mgmt. of Arkansas, Inc.,* 31 F. Supp. 2d 673, 680 (E.D. Ark. 1998); *see also Miller v. Solem,* 728 F.2d 1020, 1026 (8th Cir.), *cert. denied,* 469 U.S. 841, 105 S.Ct. 145, 83 L.Ed.2d 84 (1984).  Fed. R. Evid. 801(c) provides that hearsay "is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted."  Rule 802 states that hearsay is not admissible except as provided by the Federal Rules of Evidence.

### a.    Defendant's affidavit contains inadmissible hearsay that may not be considered.

Defendant's affidavit contains the following hearsay: "[M]y dad, who was also an attorney, informed me that the First Note [and Second Note] lacked consideration."  Doc. 86 ¶¶ 7 and 8.  Because the above statement is hearsay and does not fall within an exception, the statements may not be considered by this Court.  *See Adams v. Allstate Ins.,* 723 F. Supp. 111, 114 (E.D. Ark. 1989) (affidavit containing hearsay was not considered by court).  Consideration of this statement would also violate the parol evidence rule.

### b.      Defendant's proffered financial statements are inadmissible and may not be considered.

Defendant attaches documents entitled "Personal Financial Statement of John F. Gibson, Jr." to his declaration. *See* Doc. 86, Exhibits A, B, and C. These documents lack any proper foundation or authentication. In addition to being inadmissible due to the parol evidence rule, they are also hearsay and do not fall within any of the hearsay exceptions found in Rule 803. Because the exhibits fail to conform to Rule 56(e), they cannot be used to oppose Plaintiff's summary judgment motion or support Defendant's summary judgment motion.

### c.      Defendant's proffered tax returns are inadmissible.

Defendant's Response refers to "Thomasson Decl" but undersigned counsel did not receive this 147-page declaration until July 28, 2024, the day Plaintiff's Reply is due. Because the declaration was filed a week late and apparently in an attempt to delay and render Plaintiff's Reply moot, this Court should not consider Thomasson's declaration. There is no excuse for filing much of the declaration's exhibits late because they are not confidential, such as the depositions. As for the confidential exhibits, Defendant could have filed them during the 21 days he had to file his Response.

The confidential exhibits purport to be Decedent's tax returns and Defendant claims the returns do not reference a real estate sale of $842,000. Defendant claims this lack of reference creates a factual dispute regarding whether consideration existed for the Notes. These exhibits are inadmissible pursuant to the parol evidence rule because they are proffered for the purpose of amending and varying the terms of

the Notes.  As discussed above, "Arkansas case law is clear that parol evidence may *not* be introduced to demonstrate a complete lack of consideration." *Stilley,* 345 Ark. at 369 (emphasis in original).  And even if they are admitted, they do not create a dispute of material fact when the undisputed documentary evidence establishes that the Notes had consideration.

Moreover, the absence of reference to a real estate sale in the Decedent's tax returns proves nothing.  There may be legitimate reasons for the omissions.  For example, 26 U.S.C. § 453 provides for deferred tax treatment of income derived from sale of property until the payments are received.  Here, we all know payment was never received.  We do not know why the promissory notes are not included in tax returns or financial statements.  Even if the Decedent's failure to list the Notes in tax returns or financial statements was negligent or even unlawful, it would have no impact on the enforceability of the Notes and would provide no sanctuary or defense to Defendant.  By referencing tax returns, Defendant invites more delay while he leads Plaintiff and the Court down new rabbit holes.

### d.    Defendant's proffered "Payoff Statement" is inadmissible hearsay and may not be considered.

We are familiar with some, but not all, of the loans listed in Exhibit E to Defendant's declarations, but Plaintiff has never seen that Exhibit.  Defendant calls it a "Payoff Statement" and claims it shows that Decedent's debts were paid at closing when Defendant sold portions of the Property.  However, Exhibit D is not authenticated, lacks foundation, and contains no information regarding the source or

reliability of the information.  It is also inadmissible hearsay that cannot create a genuine issue of disputed material fact.

### C. Plaintiff is entitled to Attorney fees, Pre-Judgment and Post-Judgment interest.

Plaintiff is entitled to attorney fees pursuant to the terms of the Notes and pursuant to statute. *See* Doc. 14-1 and Doc. 14-2; Ark. Code Ann. § 16-22-308. Plaintiff is entitled to pre- and post-judgment interest pursuant to the terms of the mortgage and state statute. Doc. 17-3; Ark. Code Ann. § 16-65-114.

### CONCLUSION

There are no genuine issues of material fact to be adjudicated by this Court. Defendant is indebted to Plaintiff for the amount owed under the terms of the Notes. Defendant's Response and documents produced therewith are wholly insufficient to establish the existence of a material fact dispute.  Rather than unnecessarily delay this proceeding further, the Court should enter summary judgment in favor of Plaintiff and against Defendant.

WHEREFORE, Plaintiff prays for an Order of this Court granting Plaintiff's Motion for Summary Judgment and for all other just and proper relief.

Respectfully submitted,

H.E. Bud Cummins (ABA No. 89010)
**Law Offices of Bud Cummins, PLC**
1818 North Taylor, Suite 301
Little Rock, AR 72207
(501) 831-6125 – Telephone
bud@budcumminslaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, H.E. Bud Cummins, certify that the foregoing pleading has been served via ECF and electronic mail on this 28th day of June 2024, upon the following:

Andrew T. Thomasson
**Thomasson, PLC**
350 Springfield Ave., Suite 200
Summit, NJ 07901
andrew@thomassonpllc.com

Donald S. Maurice,Jr.
**Maurice & Wutscher, LLP**
5 Walter Foran Blvd., Suite 2007
Flemington, NJ 08822
dmaurice@mauricewutscher.com

Robert E. Schroth, Jr.
**Schroth & Schroth, LLC**
3200 Fourth Avenue, Suite 101
San Diego, CA 92103
robschrothesq@sbcglobal.net