IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JODY CUMMINS, Estate of John Frank Gibson Jr.,**
**Deceased, by and through its Court Appointed Executrix**
**on behalf of JOHN FRANK GIBSON, JR, et al,**                          PLAINTIFF

V.                                    4:23CV00425 JM

**JOHN FRANK GIBSON, III and**
**BLACKROCK LAND HOLDINGS LLC**                                          DEFENDANTS

## ORDER

There are eight motions currently pending in this case. One motion for summary judgment filed by the Estate, three motions for summary judgment filed by the Defendant, a motion for voluntary dismissal, a motion to strike documents, a motion to substitute counsel, and a joint motion to continue.

I. Motion for Voluntary Dismissal

The Estate asks the Court to allow them to voluntarily dismiss without prejudice the fraudulent transfer claim against the Defendant. The Defendant objects to a dismissal without prejudice. Rule 41(a)(2) provides the Court with broad discretion to dismiss an action "on terms the court considers proper." Fed. R. Civ. 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

The Eighth Circuit instructs lower courts to examine four factors when determining whether or not to grant a motion for voluntary dismissal under Rule 41 (a)(2): (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Id.* at 783. Should a

federal court choose to resolve a Rule 42(a)(2) motion with prejudice, the Court must give a plaintiff "notice of its intention and a chance to withdraw the request and proceed with litigation." *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021) (quoting *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995)).

Here, the Defendant filed a motion for summary judgment of the fraudulent transfer claim five months before the Estate filed the motion for voluntary dismissal, the Defendant expended considerable effort and expense in defending against the claim during that time, and the Estate has failed to provide any explanation for the dismissal. In the First Supplemental Complaint, the Estate alleges that the Defendant's transfer of real property to Defendant Blackrock Land Holdings LLC ("Blackrock") was fraudulent as to the Estate because the transfer was made with the actual intent to hinder, delay, or defraud the Estate. (ECF No. 36 at p. 7). The Estate alleged that certain facts supported the claim, including that Defendant is a member of Blackrock, the real property represented a majority of the assets owned by the Defendant, there was no real consideration for the transfer of real property, and the transfer of the real property resulted in the Defendant's insolvency. *Id.* at p. 7-8. According to the evidence presented by the Defendant in support of summary judgment, the Estate made these allegations without any evidence of the value of the land transferred by the Defendant to Blackrock, without any knowledge of the Defendant's other assets, or the Defendant's financial situation. (Jody Cummins' Dep., ECF No. 51-4). The Estate's only response to this evidence was the motion for voluntary dismissal of the claim.

The Court finds that the Estate's motion for voluntary dismissal is DENIED and the Defendant's motion for summary judgment of the fraudulent transfer allegation is GRANTED. Because the only claim made against Defendant Blackrock is the fraudulent transfer claim, Blackrock Land Holdings LLC is dismissed as a defendant.

II. Motions for Summary Judgment

Pending are the Estate's motion and Defendant's motions for summary judgment of the breach of contract claim. The Court finds that there are genuine issues of material fact remaining which must be decided by a jury.

III. Remaining Motions

The Estate's motion to strike docket entries 90, 91, and 92 is DENIED. Defendant's motion to substitute counsel Andrew Thomasson is GRANTED. The joint motion for continuance of the trial and the discovery deadline is GRANTED. The parties have thirty (30) days from the date of this order to conduct discovery. A new trial date will be set by separate order.

IV. Conclusion

In conclusion, the Estate's motion for summary judgment (ECF No. 14) is DENIED. Defendant's motion for partial summary judgment (ECF No. 40) is GRANTED.  Defendant's motion for summary judgment (ECF No. 100) and cross motion for summary judgment (ECF No. 84) are DENIED as they relate to the breach of contract claim. The Estate's motion to strike (ECF No. 94) is DENIED. Plaintiff's motion for voluntary dismissal (ECF No. 97) is DENIED. Defendant's motion to substitute counsel (ECF No. 107) is GRANTED. The joint motion for continuance (ECF No. 106) is GRANTED as stated above. Defendant Blackrock Land Holdings LLC is dismissed.

IT IS SO ORDERED this 15th day of August, 2024.

_____
James M. Moody Jr.
United States District Judge